Eloyd **MORROW**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 19359.

United States Court of Appeals Eighth Circuit.

April 8, 1969.

Theodore F. Schwartz, of Ackerman, Schiller & Schwartz, Clayton, Mo., for appellant.

William C. Martin, Asst. U. S. Atty., St. Louis, Mo., for appellee; Veryl L. Riddle, U. S. Atty., St. Louis, Mo., with him on brief.

Before GIBSON, LAY and HEANEY, Circuit Judges.

HEANEY, *Circuit Judge.*

The defendant, Eloyd Morrow, was charged in a one count indictment with robbery of the Roosevelt Federal Savings and Loan Association, St. Louis, Missouri, and with placing the life of the manager of the Association in jeopardy by using a dangerous weapon in committing the robbery in violation of 18 U.S.C. § 2113(a) and (d). The defendant was convicted by a jury of the offense charged and sentenced to a term of twenty years imprisonment. He appeals. We affirm.

On November 7, 1967, Mr. Walter Schubert, the manager, and Mrs. Mabel Gansz, a teller, were on duty at the Roosevelt Savings and Loan Association. At approximately 1:00 P.M., two men entered the office carrying sawed-off shotguns and announced that "this is it." The two employees were directed, by gestures, to fill up two paper sacks with money. After the sacks were filled with $1,700, the robbers departed.

Photographs were taken of the robbery by an automatic camera. The photographs showed the employees being directed to fill up the sacks with money and the robbers pointing their shotguns at the victims. Mr. Schubert and Mrs. Gansz both testified that they were nervous and scared.

The defendant contends that there was insufficient evidence to establish that the life of either employee was placed in danger on the grounds that there was no evidence to show that the guns were loaded or capable of being fired.

■ The test of whether a victim's life has been placed in danger is an objective one; "not whether the employee was put in fear but whether his life *was* put in danger by the use of a dangerous weapon." (Emphasis supplied.) United

States v. Donovan, 242 F.2d 61, 63 (2d Cir. 1957), rev'd on other grounds sub nom. Andrews v. United States, 373 U.S. 334, 83 S.Ct. 1236, 10 L.Ed.2d 383 (1963).

The defendant argues that there was no direct evidence to prove that the gun was loaded and, therefore, the jury could not find that Schubert's life was in danger.

■■ The defendant is in error. Direct evidence is unnecessary. "When * * * a robber displays a gun to back up his demands, he wants the victim to believe that it is loaded, and the fact-finder may fairly infer that it was." Wagner v. United States, 264 F.2d 524, 530, n. 8 (9th Cir.), cert. denied 360 U.S. 936, 79 S.Ct. 1459, 3 L.Ed.2d 1548 (1959); Wheeler v. United States, 317 F.2d 615, 618 (8th Cir. 1963). The defendant introduced no evidence to show that the guns were not loaded and, therefore, the jury could properly infer that they were loaded.

■ The pointing of the shotguns at the employees with the implied threat to use them to effect the robbery is a sufficient basis for the jury to find that Schubert's life was placed in jeopardy. See, Evalt v. United States, 382 F.2d 424 (9th Cir. 1967); Lewis v. United States, 365 F.2d 672 (10th Cir. 1966), cert. denied, 386 U.S. 945, 87 S.Ct. 978, 17 L.Ed. 2d 875 (1967); Wheeler v. United States, *supra*; Wagner v. United States, *supra*; United States v. Donovan, *supra*.

The defendant also contends that the trial court committed prejudicial error in failing to admonish the jury not to discuss the facts of the case prior to the submission of the case to them.

There is no indication in the record, nor does the defendant allege, that the members of the jury did discuss the case prior to submission. There is no indication in the record that the defendant was prejudiced by the failure to admonish the jury and the defendant did not request that the jury be so admonished. The trial was completed in one day, with only the usual recesses and a lunch break.

**1392**

We are of the opinion that the failure to admonish the jury was harmless error. United States v. Viale, 312 F.2d 595, 602 (2d Cir.), cert. denied, 373 U.S. 903, 83 S.Ct. 1291, 10 L.Ed.2d 199 (1963); Myres v. United States, 174 F. 2d 329, 334–35 (8th Cir.), cert. denied, 338 U.S. 849, 70 S.Ct. 91, 94 L.Ed. 520 (1949).

Affirmed.