**UNITED STATES of America, Appellee,**

v.

**James COBB, Appellant.**

**No. 76–1870.**

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 14, 1977.

Decided July 18, 1977.

---

Graham W. LaBeaume, St. Louis, Mo., argued and on brief, for appellant.

Frederick R. Buckles, Asst. U. S. Atty. (argued), and Barry A. Short, U. S. Atty., St. Louis, Mo., on brief, for appellee.

Before CLARK, Associate Justice, Retired,* and HEANEY and WEBSTER, Circuit Judges.

WEBSTER, Circuit Judge.

James W. Cobb was convicted by a jury on one count of bank robbery by force and violence and by intimidation, and of putting in jeopardy the life of a teller by means of a dangerous weapon, in violation of 18 U.S.C. § 2113(a) and (d). On this appeal he does not contend the evidence was insufficient to support a conviction for violation of section 2113(a),[1] but he contends there was insufficient evidence that the life of any person was put in jeopardy by the use of a dangerous weapon and thus that his conviction under section 2113(d) [2] cannot stand.

██ The evidence adduced at trial, viewed in the light most favorable to the verdict, showed that on June 23, 1976, appellant robbed the Baden Bank of approximately $8,000.[3] Holding an object wrapped

---

* The Honorable Tom C. Clark, Associate Justice, Retired, now deceased, sat by designation, participated in the conference and agreed to the disposition reflected in this opinion.

1. Title 18 U.S.C. § 2113(a) provides in pertinent part:

(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money * * * belonging to * * any bank * * *

Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.

2. Title 18 U.S.C. § 2113(d) provides:

(d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both.

3. The parties stipulated that if Mr. Virgil Warnecke, President of the Baden Bank on June 23, 1976, were called as a witness at trial he would testify that the bank's deposits were insured by the Federal Deposit Insurance Corporation. Proof that the bank's deposits were insured by the Federal Deposit Insurance Corporation at the time of the robbery is an essential element

in a newspaper, he approached the window cage of teller Nancy Brueggen. He told Ms. Brueggen to give him her money. She put some money into a bag that was located on the counter next to her. Appellant took the money and ran from the bank. Two months later, Ms. Brueggen and two other tellers from the Baden Bank identified appellant in a lineup as the man who had robbed the bank.

Ms. Brueggen testified at trial that she could see two dark holes that appeared to be hollow protruding from the newspaper held by the robber. She concluded that what he was holding was a sawed-off shotgun, but admitted she could not see a trigger or any part of the object but the holes, because the rest was wrapped in the newspaper. She said the man was bent over in her cage area with his elbows on the counter. He held the object with his hands underneath it, one hand in front of the other. The holes were pointed in her direction.

Ms. Brueggen was the only witness who testified that appellant carried a gun in the robbery. Lydia Johnson, one of the tellers who identified appellant at the lineup, testified that the robber "had something under his arm and he had something long in a newspaper." Norma Mayes, who was working at one of the bank's drive-up windows on the day of the robbery, testified that she saw a man running across the street carrying something in his hands. Donna Franklin, the other teller who identified appellant at the lineup, did not testify to having seen any object.

Appellant moved for a judgment of acquittal at the conclusion of the government's case and again at the conclusion of all the evidence; both motions were denied by the District Court. The case was submitted to the jury on the charge of aggravated bank robbery in violation of subsections (a) and (d) of section 2113. On at least three occasions, the District Court asked appellant if he wanted the jury instructed on the lesser included offense of robbery by force and intimidation. Appellant responded in each instance that he was not requesting such an instruction.

The jury returned a verdict of guilty. Appellant was sentenced to a term of twenty years. This appeal followed.

There is a clear distinction between § 2113(a) and § 2113(d). Each involves an element of intimidation;[4] only § 2113(d) requires proof of putting in jeopardy. The additional aggravation present in § 2113(d) permits the imposition of a more severe sentence—twenty-five years rather than twenty.

■ Our Court has consistently rejected the notion that proof of putting in jeopardy may be established by subjective evidence, such as fear felt by the victim. The weapon must be objectively capable of putting a victim's life in danger. See *United States v. Thomas,* 521 F.2d 76, 80 (8th Cir. 1975); *United States v. Cady,* 495 F.2d 742, 746 (8th Cir. 1974); *Bradley v. United States,* 447 F.2d 264, 274 (8th Cir. 1971), *vacated,*

of the offense charged. *Scruggs v. United States,* 450 F.2d 359, 361 (8th Cir. 1971), *cert. denied,* 405 U.S. 1071, 92 S.Ct. 1521, 31 L.Ed.2d 804 (1972).

**4.** Many cases have upheld convictions under § 2113(a) where the weapon was not identified or shown to be operable. *See, e. g., United States v. Johnston,* 543 F.2d 55, 59 (8th Cir. 1976) (object in robber's pocket thought to be gun was in fact pocketknife); *United States v. Harris,* 530 F.2d 576, 579 (4th Cir. 1976) (robber placed hand in pocket in manner suggesting a weapon); *United States v. Robinson,* 527 F.2d 1170, 1172 (6th Cir. 1975) (intimidation found from evidence that robber was wearing leather coat which could conceal weapon, attempted sham transaction, and demanded mon-

ey); *United States v. Alsop,* 479 F.2d 65, 67 (9th Cir. 1973) (robber used toy gun); *United States v. Jacquillon,* 469 F.2d 380, 385 (5th Cir. 1972), *cert. denied,* 410 U.S. 938, 93 S.Ct. 1400, 35 L.Ed.2d 604 (1973) (robber presented note claiming to have gun); *United States v. King,* 453 F.2d 9, 12 (1st Cir. 1972) (robber made threatening statement); *United States v. Epps,* 438 F.2d 1192, 1193 (4th Cir. 1971) (robber used threatening note); *United States v. Brown,* 412 F.2d 381, 382–84 (8th Cir. 1969) (threatening note); *Cole v. United States,* 327 F.2d 360, 361 (9th Cir. 1964) (note demanding money). As we demonstrate, the rule in these cases may not be relied upon for a conviction under § 2113(d).

404 U.S. 567, 92 S.Ct. 746, 30 L.Ed.2d 722 (1972); *Morrow v. United States,* 408 F.2d 1390, 1391 (8th Cir. 1969). We have not required direct proof that a gun was loaded; this fact in the context of a bank robbery may reasonably be inferred by the jury. *United States v. Thomas, supra,* 521 F.2d at 80 n. 7; *United States v. Cady, supra,* 495 F.2d at 746; *Morrow v. United States, supra,* 408 F.2d at 1391.

 We know of no case, however, which has permitted the jury to convict under § 2113(d) on the mere inference that a partially concealed object was a loaded gun; this would unfairly compound inference upon inference. The testimony regarding the "holes" within the wrapped newspaper was sufficient to establish the element of intimidation and fear necessary for both § 2113(a) and § 2113(d); it was, however, insufficient to establish that a gun was in fact used in the robbery. No other evidence to that effect was offered. Absent evidence of a gun displayed during the robbery, there is nothing upon which to bottom the inference of a *loaded* gun. The crucial element necessary to permit sentence enhancement under § 2113(d) was therefore lacking.

This does not mean that acquittal must follow. The evidence was clearly sufficient to establish an offense under § 2113(a). In order to convict under § 2113(d), the jury must necessarily have found that each element of the § 2113(a) offense, which is a lesser included offense of the § 2113(d) violation, had been established. *See United States v. Thomas, supra,* 521 F.2d at 79; *United States v. Cady, supra,* 495 F.2d at 747; *Scruggs v. United States,* 450 F.2d 359, 364 (8th Cir. 1971), *cert. denied,* 405 U.S. 1071, 92 S.Ct. 1521, 31 L.Ed.2d 804 (1972). This Court has authori-

ty to remand for resentencing under § 2113(a). *See* 28 U.S.C. § 2106. *DeMarrias v. United States,* 453 F.2d 211, 215 (8th Cir. 1972); *United States v. Perkins,* 498 F.2d 1054, 1059 (D.C.Cir. 1974); *United States v. Grady,* 157 U.S.App.D.C., 6, 481 F.2d 1106, 1107 (1973); *Austin v. United States,* 127 U.S.App.D.C. 180, 382 F.2d 129, 142 (1967).[5]

The judgment of conviction under 18 U.S.C. § 2113(a) and (d) is vacated and the cause is remanded for resentencing and entry of judgment under 18 U.S.C. § 2113(a).

---

5. A further contention of appellant which we here reject is that it was prejudicial error for the trial court to fail to give a lesser included offense instruction. Because of the tactical implications of giving or not giving a lesser included offense instruction, our Court has held that a proper request made and denied is a condition precedent for reversal on this ground. *United States v. Brischetto,* 538 F.2d 208, 209 (8th Cir. 1976); *United States v. Klugman,* 506 F.2d 1378, 1380 (8th Cir. 1974); *Quinn v. United States,* 499 F.2d 794, 796 (8th Cir. 1974); *United States v. Thompson,* 492 F.2d 359, 362 (8th Cir. 1974). The District Court on numerous occasions offered to give a lesser included offense instruction, but appellant failed to make a proper request.