**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Ruben ARCINIEGA, Juan Marquez, and**
**Ted Arciniega, Defendants-Appellants.**

Nos. 77–1297–77–1299.

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 28, 1977.

Decided April 24, 1978.

Certiorari Denied June 19, 1978.
See 98 S.Ct. 3101.

---

Steven H. Nardulli, Federal Defender Program, Nicholas A. DeJohn, Chicago, Ill., Dominic P. Gentile, Houston, Tex., for defendants-appellants.

John E. Burns, Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellee.

Before TONE and BAUER, Circuit Judges, and CAMPBELL, Senior District Judge.*

WILLIAM J. CAMPBELL, Senior District Judge.

The defendants-appellants were found guilty by a jury of various violations of federal narcotics laws. After deliberating less than one hour, and without having reached a verdict, the jury was allowed by the district court to separate for the evening. The jury returned the following morning to resume its deliberations. Defendant Ted Arciniega [1] contends that under the circumstances of this case, the district court committed reversible error in allowing the jury to separate. We do not agree, and affirm defendants' convictions. In so doing, we overrule our previous decisions in *United States v. D'Antonio*, 342 F.2d 667 (7th Cir. 1965) and *United States v. Panczko*, 353 F.2d 676 (7th Cir. 1965).

The record reflects that the jury began its deliberations at about 4:00 P. M. on Wednesday, January 19, 1977. The government and defense counsel agreed that the jurors should be sent home at 9:30 P. M. in the event a verdict had not been reached by that time. Having instructed counsel to remain within five minutes' distance of the courthouse, Judge Decker left the courthouse for the nearby Standard Club to await the jury's verdict. At that time the district court was aware of a possible bomb scare.

Owing to the frequency of such threats in the Federal Building in Chicago, Judge Decker did not feel it was necessary to evacuate the jury at that time, but rather instructed the deputy marshal to investigate the matter. At about 5:00 P. M. the deputy marshal telephoned Judge Decker at the Standard Club and advised him that the bomb threat was a serious matter and that the jury should be evacuated. The district court instructed the deputy marshal to admonish the jury not to discuss the case with anyone and to send the jurors home.

The deputy marshal told the jurors that there was a bomb scare in the building and that they were being evacuated. The deputy did not admonish the jurors not to discuss the case, but merely told the jurors to return on the following morning.

On the following morning Judge Decker explained to the jurors that they were sent home because of a reported bomb scare, and that such events occur frequently in the building, and that although nothing had ever developed in the past, such threats had to be taken seriously. The district judge then collectively questioned the jurors to determine whether or not they had discussed the case with anyone after departing. No juror responded that he had.

In *United States v. D'Antonio, supra*, 342 F.2d 667, 669, and *United States v. Panczko, supra*, 353 F.2d 676, 678, it was established that the trial judge's order allowing a jury to separate prior to reaching a verdict violates a defendant's right to uninterrupted jury deliberations. Both cases held that it was reversible error for a trial judge to permit a jury to separate during its deliberations over the defendant's objection, even though no actual prejudice to the defendant was demonstrated as a result of separation.

---

* Senior District Judge William J. Campbell of the Northern District of Illinois is sitting by designation.

1. Other issues have been raised by appellants Ruben Arciniega and Juan Marquez. We have disposed of those contentions by way of an unpublished order pursuant to Circuit Rule 35.

■ We discern that the holdings of *D'Antonio* and *Panczko* have served to curtail the district court's traditional exercise of discretion in managing juries. We overrule *D'Antonio* and *Panczko* to the extent that those decisions remove from the district judge's discretion the decision to allow a jury to separate.[2] We now hold that the decision to allow a jury to separate rests within the sound discretion of the district court, and that for separation to constitute reversible error there must be an objection supported by specific reasons against separation and a showing that the defendant was actually prejudiced by reason of the separation.

In so holding, we are in accord with the views expressed by Judge Swygert in his dissent in *D'Antonio, supra,* 342 F.2d at 671–672, and with the position of virtually every circuit which has addressed the issue. *United States v. Sullivan,* 414 F.2d 714 (9th Cir. 1969); *United States v. Menna,* 451 F.2d 982 (9th Cir. 1971); *United States v. Breland,* 376 F.2d 721 (2nd Cir. 1967); *Cardarella v. United States,* 375 F.2d 222 (8th Cir. 1967); *Hines v. United States,* 365 F.2d 649 (10th Cir. 1966).

■ In the instant case we perceive no abuse of discretion on the part of the trial judge in ordering the deliberating jury to separate. When it became known that the bomb scare was of a more serious nature than the ordinary bomb threat,[3] immediate action for the safety of the jurors and court personnel was called for. Since immediate action was called for, and since the trial judge was not present in the courtroom, it was not improper for the district court to order the deputy marshal to admonish the jurors and to send them home.[4] Further, a *voir dire* of the jurors on the following day revealed that no prejudice to the defendant resulted by reason of the separation. Under these circumstances, we find no abuse of discretion by the district court.

AFFIRMED.

---

2. *This opinion has been circulated among all judges of this court in regular active service. No judge favored a rehearing en banc on the question of overruling. United States v. D'Antonio, supra, and United States v. Panczko, supra.*

3. Owing to the peculiar circumstances of the instant case, the defendant had no opportunity prior to separation to raise an objection. On the following morning, however, defendant moved for a mistrial.

4. The record shows that the deputy marshal did not admonish the jurors as instructed. This failure cannot be considered an error warranting reversal in the absence of some showing by the defendant of prejudice as a result of the marshal's failure to follow the district court's instructions. Of course, under normal circumstances, it is the duty of the trial judge to admonish the jury. During the evidentiary part of the trial Judge Decker admonished the jury on two occasions not to discuss the case with anyone. .