**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Amos SEASTRUNK, a/k/a Jerry Armstrong, Defendant-Appellant.**

No. 77–5798.

United States Court of Appeals, Fifth Circuit.

Sept. 21, 1978.

Rehearing Denied Oct. 25, 1978.

Theodore J. Sakowitz, Federal Public Defender, Joel Kaplan, Asst. Federal Public Defender, Miami, Fla., for defendant-appellant.

Jack V. Eskenazi, U. S. Atty., Kevin M. Moore, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before RONEY, RUBIN and VANCE, Circuit Judges.

PER CURIAM:

On June 3, 1977 at approximately 5:30 p. m., defendant robbed the Commercial Bank of Hollywood in Hollywood, Florida. He did so by handing a teller a note and by opening his shirt to display a gun sticking from his belt. The teller set off the silent alarm but other bank employees thought it was a false alarm. She finally gave defendant seven one-hundred-dollar bills, two fifties and five twenties. He was arrested a short time later in a lounge by a police officer who recognized him based on a radio description. At the time of his arrest defendant had seven one-hundred-dollar bills, two fifties and two twenties secreted under his undershorts.

Defendant was tried in the United States District Court for the Southern District of Florida for violating 18 U.S.C. § 2113(d).[1] He was convicted and sentenced to imprisonment for a period of thirty months.

Subsection 2113(d), under which defendant was tried and convicted, requires that a dangerous weapon be used in committing

---

1. 18 U.S.C. § 2113(d) provides that,

Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned *not more than twenty-five years, or* both.

the robbery. Defendant argues that there was insufficient evidence to prove his use of a gun. He contends that he is entitled to be resentenced under 18 U.S.C. § 2113(a).[2] The term of the sentence imposed by the district court is well within the maximum for either section, but because 2113(d) is the more serious offense, defendant says that his classification and place of confinement are unjustly affected by his being sentenced under 2113(d).

Defendant relies on *United States v. Cobb*, 558 F.2d 486 (8th Cir. 1977). In *Cobb* the defendant bank robber brandished an object wrapped in newspaper. The bank teller could only see two dark holes, that appeared to be hollow, but which caused her to believe that the object was a shotgun. The Eighth Circuit vacated the conviction under 2113(d) and remanded for resentencing under 2113(a) holding that the evidence was insufficient to establish that a gun was in fact used in the robbery.

The questioned evidence in the present case is found in the testimony of the teller, the relevant portion of which is as follows:

Q. And what, if anything, did he say?

A. He gave a negative response and opened his shirt front and displayed what I though to be a gun butt sticking from his belt.

Q. Can you describe what you saw.

A. Well, it looked to me like a gun butt of an automatic weapon, dark in color.

Q. Miss Nehr, have you ever been around or seen guns before, personally?

A. Yes. My husband is a police officer and we have guns in the home at various times.

Q. Was there any question in your mind at that time that what you saw was, in fact, a gun?

A. No, none at all.

We perceive a substantial distinction between the evidence in this record and that in *Cobb*. Something described only as "two dark holes" could be almost anything. In the present case the witness, who was a policeman's wife, was familiar with guns. She saw what looked to her like the gun butt of an automatic. She said that there was no question at all in her mind as to what it was.

■ When the sufficiency of the evidence is challenged we must view the evidence in the light most favorable to the government under the familiar rule of *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942). We conclude that when measured by that standard the evidence was sufficient to establish that the robbery was committed by use of a gun.

■ Defendant also complains that the trial court erred in allowing the government to introduce evidence showing his use of a credit card issued in the name of Amos Seastruck. The evidence showed that defendant was using that name both before and after the robbery. The challenged evidence came from the testimony of the manager of the motel where defendant was registered at the time of the robbery. He had exceeded the credit limit which the motel allowed on the credit card. He was told by the manager that he would have to make other arrangements for payment. At noon on the day of the robbery defendant told the motel manager, "Don't worry about it, I'll go to the bank and get you the money."

2. U.S.C. § 2113(a) provides that,

Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or

Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank or such savings and loan association and in violation of any statute of the United States, or any larceny—

Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.

There is not the slightest intimation from the record, either during the testimony or later during argument, that the government offered this testimony to prove anything except motive, which it clearly tended to prove. There is nothing necessarily illegal about use of a different name. In any event, under the standards set forth in Rule 403, Federal Rules of Evidence, we do not find any abuse of the trial judge's discretion in allowing the jury to consider this relevant testimony.

AFFIRMED.