UNITED STATES of America, Appellee,

v.

Wilbert Benjamin WILLIAMS, Appellant.

No. 80–1408.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 11, 1980.

Decided Dec. 29, 1980.

R. Kristin Weaver, Clayton, Mo., for appellant.

Edward L. Dowd, Jr., Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before LAY, Chief Judge, HENLEY, Circuit Judge, and HANSON,* Senior District Judge.

LAY, Chief Judge.

Williams appeals his conviction of distributing cocaine in violation of 21 U.S.C. § 841(a)(1). Williams does not challenge the sufficiency of the evidence supporting his guilt. The sole issue on appeal concerns the trial court's allowing the jury to separate during its deliberation without admonishing it not to discuss the case with other jurors or anyone outside the jury room, or read or listen to anything about the trial. We reverse the conviction and remand for a new trial.

In the present case all of the evidence and instructions were given to the jury in one day. The case was submitted to the jury at 5:05 p. m. Approximately one hour later the jury informed the court it was hopelessly deadlocked. Both the government and the attorney for the de-

* William C. Hanson, Senior District Judge, Northern and Southern Districts of Iowa, sitting by designation.

fendant requested that the jury continue their deliberations. At approximately 7:30 p. m., the jury sent word to the court that it wanted to go home. The court instructed the bailiff to send the jury home and have it return at 9:30 a. m. No court reporter was present. The defendant argues that the court failed to admonish the jury not to discuss the case outside the jury room. Defense counsel made no objection to the separation or the lack of an admonition. In the morning after deliberating for 25 minutes, the jury returned its verdict of guilty. The defendant received a 15 year sentence.

Our decisions accord the trial court considerable discretion to separate a jury before it has reached a verdict. *United States v. Phillips*, 540 F.2d 319, 332 (8th Cir.), *cert. denied*, 429 U.S. 1000, 97 S.Ct. 530, 50 L.Ed.2d 611 (1976); *Cardarella v. United States*, 375 F.2d 222, 227–28 (8th Cir. 1967). The difficulty in this case is that the record reflects no admonition to the jury at the time of separation as to their duties and responsibilities when not in court. There is no record of a cautionary instruction being given to the jury before hearing the evidence, before recess or lunchtime, or, more significantly, before separating for the evening. The United States Attorney concedes that the transcript includes all instructions and that no admonition was ever given to the jury during voir dire or at any other time.

In *Hines v. United States*, 365 F.2d 649 (10th Cir. 1966), the court stated:

> Procedures have developed over the years to protect the jury in its deliberations from any interference. While the jury is together it is under the protection of officials of the court and is provided facilities of varying degrees of seclusion. The possibility of interference, deliberate or inadvertent, is, of course, increased when the jury separates. Reason dictates however that the jury be allowed to separate under the proper circumstances, and

the best that then can be done is to admonish the members. The trial court must be guided in its action by a comparison of the alternatives in the light of the circumstances surrounding the trial and parties. Both the defendant and the public have an interest that risks be not unnecessarily created. These interests must both be considered by the trial court.

*Id.* at 651.

In *United States v. D'Antonio*, 342 F.2d 667 (7th Cir. 1965), the bailiff, rather than the judge, allegedly admonished the jury. The court stated:

> Thus the record before us shows that after the jury had been instructed as to the law and retired to consider its verdict, the court announced that, if it had not reached a verdict by 9 P.M., he would permit the jurors to separate and return the following morning to continue their deliberations. Over defendant's objections this course of events actually occurred. In addition, after the verdict was rendered, the court asserted that he had told the marshal to read to the jury, during its deliberations and out of the presence of the court, a statement dictated by the court, which the court stated informed the jury: "You are instructed to discuss this case with no one, until you return to the jury room tomorrow at 9:30; and you are not to permit anyone to discuss it with you." The record is otherwise silent as to whether the statement was actually read as dictated. It is also silent as to whether any colloquy occurred between the jurors and the marshall at the reading of the statement, or as to whether any other persons were present on that occasion or then said anything in the jury's presence.

*Id.* at 668.[1]

█ It is essential to a fair trial, civil or criminal, that a jury be cautioned as to

---

1. In a later decision, *United States v. Arciniega*, 574 F.2d 931, 932–33 (7th Cir.), *cert. denied*, 437 U.S. 908, 98 S.Ct. 3101, 57 L.Ed.2d 1140 (1978), the Seventh Circuit changed their rule

that a jury could not separate during deliberation. The court stated:

> We overrule *D'Antonio* and *Panczko* [*U. S. v. Panczko*, 353 F.2d 676 (7th Cir.)] to the ex-

permissible conduct and conversations outside the jury room. Such an admonition is particularly needed before a jury separates at night when they will converse with friends and relatives or perhaps encounter newspaper or television coverage of the trial. It is fundamental that a jury be cautioned from the beginning of a trial and generally throughout to keep their considerations confidential and to avoid wrongful and often subtle suggestions offered by outsiders.

We are aware that in *Morrow v. United States*, 408 F.2d 1390 (8th Cir. 1969), we held that without a showing of prejudice that the failure to admonish the jury by cautionary instruction was harmless error. *Id.* at 1392. In *Morrow*, however, the trial was completed in one day with only the usual recesses and a lunch break. Although the jury should be admonished in every case to avoid outside influences,[2] there is less likelihood of outside interference when the jury takes a recess or goes to lunch than when it separates for the evening. In this case the jury announced it was deadlocked and thereafter was allowed to separate over night without any admonition to keep their deliberations secret and refrain from having outside communication concerning the case with one another or with others. It is precisely because of a tendency in human nature for people to discuss important or extraordinary occurrences in their day with family and friends that cautionary instructions became common practice in jury trials. The danger that a wife or husband or other family members could make innocent suggestions during the evening concerning the case or criminal trials in general is too serious to be overlooked. "It is the nature of the practices here challenged that proof of actual harm, or lack of harm, is virtually impossible to adduce .... Consequently, it is necessary to decide on principle which

side shall suffer the consequences of unavoidable uncertainty." *Peters v. Kiff*, 407 U.S. 493, 504, 92 S.Ct. 2163, 33 L.Ed.2d 83 (1972). When the potential prejudice is as great as it was here a showing of actual prejudice to the defendant should not be necessary in order to warrant a new trial. *Henson v. Wyrick*, 634 F.2d 1080, 1083 n.5 (8th Cir. 1980).

We hold that the ends of justice will be served if Williams is granted a new trial by a jury which is properly instructed as to the need not to discuss their deliberations with others outside the jury room.

Judgment reversed and remanded.

tent that those decisions remove from the district judge's discretion the decision to allow a jury to separate.... [T]he decision to allow a jury to separate rests within the sound discretion of the district court, and that for separation to constitute reversible error there must be an objection supported by specific reasons against separation and a

showing that the defendant was actually prejudiced by reason of the separation. *Id.* at 933.

2. *See Kleven v. United States*, 240 F.2d 270 (8th Cir. 1957); *Winebrenner v. United States*, 147 F.2d 322, 327-28 (8th Cir.), *cert. denied*, 325 U.S. 863, 65 S.Ct. 1197, 89 L.Ed. 983 (1945).