UNITED STATES of America,
Plaintiff-Appellee,

v.

Guy D. SONDERUP,
Defendant-Appellant.

No. 80–1650
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

March 13, 1981.

Patrick J. McGuire (Court-appointed), Corpus Christi, Tex., for defendant-appellant.

J. A. Canales, U. S. Atty., James R. Gough, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before CHARLES CLARK, REAVLEY and WILLIAMS, Circuit Judges.

REAVLEY, Circuit Judge:

Appellant Guy Sonderup was charged in a two-count indictment (1) with violating 18 U.S.C. § 2113(a) by robbing a federally insured savings and loan association, and (2) with violating 18 U.S.C. § 2113(d) by putting in jeopardy through the use of a dangerous weapon the lives of employees while committing the robbery of a federally insured savings and loan association. A plea bargain, entered into between appellant and the Government, was rejected by the district judge after he read a presentence investigation, for which appellant had signed a consent form. The judge allowed appellant to withdraw his guilty plea and enter a plea of not guilty. The case was tried before a jury which found Sonderup guilty on both counts. The district court entered judgment on this verdict, sentencing appellant to concurrent terms of twenty years imprisonment for count one and twenty-five years imprisonment for count two.

Appellant raises five issues on appeal: (1) that Judge Cox erred in failing to recuse himself because of bias and prejudice against appellant acquired by the judge's reading the presentence report before the trial to the jury; (2) that the district court erred in admitting appellant's oral confession to an FBI agent, who had previously given appellant the *Miranda* warnings, but who did not explain that oral confessions were admissible in federal court, unlike in Texas courts; (3) that it was error to allow the in-court identification of appellant by three witnesses, who previously had been shown a photographic display of "mug shots" that appellant contended was impermissibly suggestive, because the evidence was insufficient to prove the photographic array produced by the Government was the one shown to the witnesses; (4) that the evidence was insufficient to prove that the robbery was committed with a dangerous weapon; and (5) that sentences were improperly imposed on both the § 2113(a) count and the § 2113(d) count. We affirm the conviction, but vacate the sentence imposed for the § 2113(a) count.

I.

Prior to trial, appellant and the Government agreed to a plea bargain under which he would plead guilty to count one of the indictment. In return, the Government agreed to recommend a twenty year sentence. In connection with this plea bargain, appellant agreed to have a presentence investigation conducted prior to the court's acceptance of the plea. Both appellant and his counsel signed a written consent for the early presentence investigation and acknowledged that the report would be shown to the judge prior to the arraignment or a finding of guilty.

After reading the presentence report, the court declined to accept the plea of guilty to the lesser offense, with the recommendation of a twenty year sentence. The court made

the comment: "One of the worst records I have seen in a long time." Appellant was then allowed to withdraw his plea of guilty and enter a plea of not guilty.

Thereafter, the defense filed a motion for recusal of Judge Cox pursuant to 28 U.S.C. § 144 [1] and 28 U.S.C. § 455,[2] with affidavits of appellant and his counsel. The alleged "personal bias or prejudice" of the judge was based on his having read appellant's presentence report. Judge Cox conducted an evidentiary hearing on the motion. The only witness was the probation officer who conducted the presentence investigation. He testified that he discussed the report, including appellant's extensive arrest and conviction record, with the judge immediately before appellant's arraignment in the judge's chambers. The judge denied the motion for his disqualification, implicitly finding that appellant's affidavit was insufficient under 28 U.S.C. § 144.

Appellant argues that the judge automatically should have been disqualified from presiding over his trial once the judge had read the presentence report, citing statements to that effect in *Gregg v. United States*, 394 U.S. 489, 491–92, 89 S.Ct. 1134, 1136, 22 L.Ed.2d 442 (1969). The *Gregg* decision, however, is inapposite since it was decided prior to the 1974 amendment of Fed.R.Crim.P. 32(c)(1). Rule 32(c)(1) now provides that "a judge may, with the written consent of the defendant, inspect a presentence report at any time." Such consent was given by appellant. Referring to the 1974 amendment, the Notes of the Advisory Committee on Rules state as follows:

"Where the judge rejects the plea agreement after seeing the presentence report, he should be free to recuse himself from later presiding over the trial of the case.

This is left to the discretion of the judge. There are instances involving prior convictions where a judge may have seen a presentence report, yet can properly try a case on a plea of not guilty. *Webster v. United States*, 330 F.Supp. 1080 (E.D.Va. 1971). Unlike the situation in *Gregg v. United States*, subdivision (c)(3) provides for disclosure of the presentence report to the defendant, and this will enable counsel to know whether the information thus made available to the judge is likely to be prejudicial. Presently trial judges who decide pretrial motions to suppress illegally obtained evidence are not, for that reason alone, precluded from presiding at a later trial."

18 U.S.C.App.—Rules of Crim.P., Rule 32, pp. 1458–59. In *Webster v. United States*, 330 F.Supp. at 1087, the court observed:

"While it may be preferable for the same judge to avoid trying the defendant on his not guilty plea, following the rejection of a guilty plea, if another judge is readily available, we must take cognizance of the fact that in some areas of our country the luxury of another judge is unknown. To provide that the judge, after having examined a presentence report, is presumed to be prejudiced in every situation would result in a failure of the proposed 'plea agreement' system which, as we must realize, generally operates to the benefit of the defendant."

Moreover, on facts similar to those *sub judice*, this court held that the judge's reading of a defendant's presentence report prior to trial was not grounds for disqualification under 28 U.S.C. §§ 144 & 455 or Fed.R.Crim.P. 32(c)(1). *United States v. Clark*, 605 F.2d 939, 942 (5th Cir.1980).

---

1. 28 U.S.C. § 144 provides in pertinent part:

"Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding."

2. 28 U.S.C. § 455 provides in pertinent part:

"(a) any justice, judge, magistrate, or referee in bankruptcy of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; ..."

Also, a defendant's criminal record is commonly made known to the court during pretrial hearings on various motions. Therefore, since the affidavit filed by appellant in this case was insufficient, it was not error for Judge Cox to continue to preside over the case.

█ Appellant further argues that judicial bias or prejudice against him was demonstrated by the district court's denial of his motion for bail reduction after the prosecutor referred to appellant's criminal record as shown in the presentence report. We can read no such significance into this event since the prosecutor was obviously familiar with appellant's criminal record from seeing his "rap sheet" and would have mentioned this data in the bail reduction hearing even if the court had not seen the presentence report. Appellant also alleges judicial bias or prejudice during the hearing on appellant's motion to suppress identification testimony. This alleged bias or prejudice concerned the court's admission of "clearly inadmissible hearsay over objection." This hearsay consisted of a police officer's testimony that a fellow officer informed him that an anonymous telephone caller had identified appellant as the robber, and that a certain group of photos was the photographic array shown to three witnesses. Since this occurred during a suppression hearing, outside the presence of the jury, it could not have prejudiced any substantial right of appellant. *See* discussion under part III, *infra*.

## II.

After appellant was arrested in Corpus Christi, a police officer read him the *Miranda* warnings. Thereafter, a municipal court judge advised appellant of his *Miranda* rights upon arrival at the Corpus Christi city jail. Appellant refused to make a statement to the Corpus Christi police.

Sometime later appellant made a full oral confession to an FBI agent that he robbed a branch of the Gibraltar Savings Association in Corpus Christi with his father's loaded revolver. Appellant moved to suppress the confession. The court denied the motion after conducting an evidentiary hearing.

Appellant does not deny that the *Miranda* warnings he received from the FBI agent were adequate, but he contends that his confession was not voluntarily, knowingly and intelligently made because he thought that his oral statements to the agent would not be admissible, as is usually the case under Texas law.[3] *See* Tex.Code Crim.Pro. Ann. art. 38.22.

At the suppression hearing, the FBI agent testified that he read the *Miranda* warnings to appellant. He specifically testified that he told appellant: "Anything you *say* can be used against you in court." (Emphasis added.) The agent asked appellant if he understood his rights, and appellant told the agent that he did. From his notes the agent had appellant's oral confession reduced to writing. The next day the agent returned to the city jail and presented the written version of the confession to appellant. After appellant had read the written version, the agent asked him if he wanted to sign it. Appellant refused, indicating that he would only sign the statement if the agent could guarantee that he would be prosecuted by the federal government, instead of the State of Texas.[4]

█ Although the Government has a heavy burden to prove that a defendant's waiver of his privilege against self-incrimination was voluntarily, knowingly and intelligently made, *Miranda v. Arizona*, 384 U.S. 436, 475, 86 S.Ct. 1602, 1628, 16 L.Ed.2d 694 (1966), which entails the proving of a person's subjective state of mind, we must

3. Appellant's past experience with criminal law had been predominantly with the Texas judicial system. He points out that through this experience he acquired the knowledge that, with certain exceptions, only written statements made in custody are admissible in Texas courts. Therefore, he argues that since he was

unaware that his oral confession to the FBI agent was admissible in federal court, he did not voluntarily, knowingly and intelligently waive his privilege against self-incrimination.

4. Under Texas law, appellant could have received a life sentence as a recidivist.

rely on the objective indicia of a defendant's mental state in order to determine whether a voluntary, knowing and intelligent waiver was made. These objective indicators are that the defendant was informed in clear and unequivocal terms of each of his *Miranda* rights and that the defendant said, or by his conduct indicated, that he understood them and wished to waive them.

■ The evidence in the record clearly shows that appellant made a voluntary statement with the intent to assure prosecution by the federal government rather than by state authorities. The FBI agent in reading the *Miranda* warnings meant what he told the appellant, that is, anything Guy Sonderup *said* could be used against him in court. The appellant indicated that he understood the explanation of his rights. After being so informed of the consequences of forgoing his fifth amendment privilege against self-incrimination, appellant made his oral statement confessing the crime for which he was convicted. We know of no precedent that would require, in addition to the giving of the *Miranda* warnings, a full explanation of how federal criminal procedural standards may vary from those of the state where the offense occurred. We hold that the Government satisfied its burden of proving that appellant's oral confession was voluntarily, knowingly and intelligently made, and, therefore, that the district court did not err in admitting it in evidence.[5]

### III.

At trial five employees of the savings and loan association positively identified appellant as the person who committed the robbery. Prior to trial three of them had identified appellant from a photographic array of "mug shots" as the robber, but these three witnesses testified during a hearing

to suppress the in-court identification that their courtroom identification was based on their observations at the time of the robbery. During the hearing, the Government introduced a folder containing six "mug shots" of long-haired white men, one of whom was appellant, which it contended was the photographic array displayed to the three employees. The police officer who displayed the photographs to the three witnesses was unavailable to testify due to illness, however a second police officer testified that he was told by the unavailable officer that the photographic array produced by the Government was the one actually displayed to the witnesses. The defense objected on the basis of hearsay, but the objection was overruled.

■ Appellant contends that the district court erred in not suppressing the eyewitness identification of the savings and loan employees because the Government had failed to prove that the photographic pretrial line-up shown to the employees was not impermissibly suggestive. In essence, appellant contends that hearsay is insufficient to prove that the photographic array offered by the Government was the one actually shown to the witnesses, and, therefore, that since the Government failed to reconstruct the photographic array actually displayed, we should presume that it was impermissibly suggestive. Without deciding whether hearsay is incompetent to authenticate a photographic array as the one actually displayed and whether the Government had otherwise shown that the array was the one actually displayed to the witnesses,[6] we will assume that the Government failed to reconstruct the photographic line-up displayed to the witnesses.

This court has recently held that when the police fail to preserve the photographic array used in a pretrial photographic line-

---

**5.** Appellant also mentions that he had been taking a tranquilizing drug, Librium, "with a cumulative affect [sic]" prior to his oral confession. However, he does not argue that this affected his competence to understand the proceedings or to exercise good judgment in deciding whether to confess.

**6.** One of the employees testified that she was positive that four of the pictures in the photographic spread offered by the Government were in the array she was shown.

up "there shall exist a presumption that the array is impermissibly suggestive." *Branch v. Estelle*, 631 F.2d 1229, 1234 (5th Cir. 1980). Therefore, we shall assume that the photographic array shown to the three savings and loan employees was impermissibly suggestive. However, this fact alone does not require suppression of the in-court identification of appellant as the robber. In *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), the Supreme Court set forth a two-pronged test for exclusion of an in-court identification. "The first prong is whether the photographic line-up is impermissibly suggestive. If it is not, the inquiry ends. If it is, a separate inquiry must be made as to whether the suggestiveness leads to a substantial likelihood of irreparable misidentification." *Branch v. Estelle*, 631 F.2d at 1234 n.5.

Only three of the five witnesses who positively identified appellant as the culprit were shown the photographs. Moreover, at the suppression hearing, the three witnesses who were shown the photo spread testified positively that their in-court identifications were based on their observations at the time of the offense rather than the photographs. Each of the witnesses commented on the strange appearance of one of appellant's eyes. Therefore, we conclude that even though the photographic array may have been impermissibly suggestive, there was no substantial likelihood of any misidentification.

### IV.

Appellant contends that the evidence was insufficient to establish that the robbery was committed with a dangerous weapon and that his conviction under 18 U.S.C. § 2113(d) must, therefore, be vacated.

■ This argument is wholly without merit since it assumes that appellant's confession should have been excluded. In his confession, appellant admitted he used a nine-shot revolver which he loaded himself. Appellant stated he lost the revolver in San Antonio. Appellant's statement admitting use of the revolver is corroborated by testimony of one of the savings and loan employees who stated without impeachment that the robber had definitely used a revolver. Although all the witnesses testified that they could not swear that the pistol exhibited may not have been a replica, the evidence recited is clearly sufficient to support a conviction under § 2113(d). *See United States v. Seastrunk*, 580 F.2d 800 (5th Cir. 1978), *cert. denied sub nom. Armstrong v. United States*, 439 U.S. 1080, 99 S.Ct. 863, 59 L.Ed.2d 50 (1979).

### V.

■ Appellant contends the district court improperly sentenced him with separate sentences for violations of §§ 2113(a) and 2113(d). We agree. Subsections (a) and (d) of 18 U.S.C. § 2113 "create but a single offense and ... separate sentences, whether consecutive or concurrent, under these sections are improper." *United States v. Vasquez*, 504 F.2d 555, 556 (5th Cir. 1974). Accordingly, since the record shows that the district court intended to impose the maximum sentence possible for this offense, we vacate the twenty-year sentence under § 2113(a). We affirm the district court's judgment in all other respects.

AFFIRMED in part and VACATED in part.