**UNITED STATES of America**

v.

**Norman RICHARDSON, Jr., Appellant.**

**No. 86–3040.**

United States Court of Appeals, District of Columbia Circuit.

Argued Feb. 27, 1987.

Decided May 1, 1987.

---

Bill D. Burlison, Washington, D.C., (appointed by this Court) for appellant.

Joan C. Barton, Asst. U.S. Atty., with whom Joseph E. diGenova, U.S. Atty., and Michael W. Farrell and Betty Ann Soiefer, Asst. U.S. Attys., Washington, D.C., were on brief, for appellee.

Before MIKVA, STARR and WILLIAMS, Circuit Judges.

Opinion for the Court filed by Circuit Judge WILLIAMS.

WILLIAMS, Circuit Judge:

Norman Richardson, Jr., appeals his conviction on two counts of receiving stolen property. *See* D.C. Code Ann. § 22–3832(a), (c)(1) (Supp.1985).[1] The principal issue we address is whether the District Court committed reversible error in failing to repeat, before the jury recessed overnight, an admonition not to discuss the case.

## I. Background

Between May and September of 1984, the Federal Bureau of Investigation, in conjunction with the District of Columbia Metropolitan Police Department, conducted an undercover "sting" operation through Florida Avenue Gold and Silver, a secondhand store. A central target was Arturo Council who, along with several accomplices, periodically sold stolen merchandise to the undercover agents. Council pleaded guilty to charges of conspiracy, interstate transportation of stolen property, and receiving stolen property. He testified at appellant's trial that appellant, in return for a share of the proceeds, had occasionally helped him carry merchandise into the store. Metropolitan police and FBI agents, one of them an undercover participant in the sting operation, testified to the details of three such visits.

Appellant was charged with one count of theft from an interstate shipment, *see* 18 U.S.C. § 659 (1982), of which he was acquitted, and one count of conspiracy in the sale and theft of goods from interstate commerce, *see* 18 U.S.C. § 371 (1982), as to which the jury was hung. But the jury convicted appellant on two counts of receiving stolen property, *see* D.C. Code Ann. § 22–3832(a), (c)(1) (Supp.1985). Appellant now appeals the conviction on two grounds, both of which we reject.

## II. The Aiding-and-Abetting Instruction

■ Appellant's first ground of appeal— that the District Court erred in instructing

1. The United States District Court for the District of Columbia had jurisdiction over this D.C. Code prosecution because it was "joined in the same information or indictment with [a] Federal offense," D.C. Code Ann. § 11–502(3) (1981).

the jury on aiding and abetting—merits little discussion. *See* 18 U.S.C. § 2 (1982) (federal aiding-and-abetting provision); D.C. Code Ann. § 22–105 (1981) (similar aiding-and-abetting provision for crimes under D.C. Code). Appellant advances two alternative theories. First, he argues that one cannot properly be convicted of aiding and abetting the commission of a crime unless the principal is convicted of the crime. Appellant notes, accurately, that the counts to which Council pleaded guilty do not necessarily cover the episodes in which appellant participated. But this makes no difference. Conviction of the principal is simply not a prerequisite to an aiding-and-abetting conviction. The latter may stand even where the principal is acquitted in a separate trial. *Standefer v. United States,* 447 U.S. 10, 14–26, 100 S.Ct. 1999, 2003–2009, 64 L.Ed.2d 689 (1980). *See also Murchison v. United States,* 486 A.2d 77, 81 (D.C.1984) (upholding aiding-and-abetting conviction under D.C. Code § 22–105 even though mistrial declared with respect to codefendant); *compare Jackson v. United States,* 395 A.2d 99, 103 n. 6 (D.C.1978) (conviction of aiding and abetting crime of carrying pistol without license improper where no evidence was adduced that anyone other than defendant was unlicensed and none of codefendants was "charged, let alone convicted" of crime).

■ Second, appellant argues that there must be record evidence that would support conviction of the principal. *See Jackson v. United States,* 395 A.2d at 103 n. 6. We do not question the principle, but this case hardly tests it. The government introduced ample evidence—Council's trial testimony plus much corroborative evidence—from which the jury could have inferred that Council was guilty as principal in the crimes for which appellant was convicted.

**2.** The record is ambiguous as to whether the jury was ever reconvened in the courtroom. *See* Tr. at 261. But counsel for appellant, who tried the case below, represented at oral argument that the District Court conveyed a message to the jury in the jury room dismissing them for the evening, without affording counsel any opportunity for objection.

### III. THE JURY ADMONITION

Appellant also challenges the District Court's failure to repeat its admonition to the jurors not to discuss the case with anyone. Upon empaneling the jury, the District Court ordered a lunch recess and told the jury:

Please, as we separate either now or later this afternoon or tomorrow, whatever, don't discuss anything in this case among yourselves or with anyone else. If someone approaches you and tries to talk to you about the case, please let me know.

Transcript ("Tr.") at 57. The trial began upon the jury's return from lunch. The District Court recessed the trial that evening, before the prosecution completed its case, without repeating the admonition. After instructing the jury the next evening, the District Court submitted the case to the jury for deliberation. Forty-five minutes later, the District Court dismissed the jury from the jury room, without reconvening in the courtroom, and again without repeating the admonition.[2]

■ This omission was perilously close to the border of reversible error. Every person criminally accused has a constitutional right to a panel of impartial jurors, U.S. CONST. amend. VI, unprejudiced by extraneous influences, *see Remmer v. United States,* 347 U.S. 227, 229, 74 S.Ct. 450, 451, 98 L.Ed. 654 (1954). In order to achieve the necessary insulation, trial courts admonish the jurors not to discuss the case with any other person until they have rendered a verdict; we have held that failure to do so is grounds for reversal. *Coppedge v. United States,* 272 F.2d 504, 507 (D.C.Cir.1959), *cert. denied,* 368 U.S. 855, 82 S.Ct. 92, 7 L.Ed.2d 52 (1961).[3]

**3.** The trial judge must also admonish the jury to avoid exposure to media coverage of the trial. *Coppedge,* 272 F.2d at 507. Since the District Court failed to do so here, we take this opportunity to re-emphasize that *"whenever* jurors are permitted to separate, the court should *invariably* admonish" the jury "not to read published accounts of the course of the trial" or heed media coverage of the trial. *Id.* (emphasis add-

■ Such admonitions are particularly crucial when the jury leaves the comparative shelter of the courthouse. *Hines v. United States*, 365 F.2d 649, 651 (10th Cir. 1966). Jurors are then exposed to the risk of being importuned by persons with an interest in the outcome, or the risk (more likely though perhaps less prejudicial) of hearing the bright ideas of family or friends about the case or criminal trials in general. *See United States v. D'Antonio*, 342 F.2d 667, 670 (7th Cir.1965); *United States v. Williams*, 635 F.2d 744, 746 (8th Cir.1980).

■ Moreover, courts view the period of jury deliberation as the time of highest risk. *D'Antonio*, 342 F.2d at 670. Historically courts would not allow a jury to return home for the night during deliberations, even with an admonition. This circuit approved such a jury release only in 1921, *McHenry v. United States*, 276 F. 761 (D.C.Cir.1921), others much later, *see, e.g., United States v. Arciniega*, 574 F.2d 931, 932–33 & n. 2 (7th Cir.) (approved by full court), *cert. denied*, 437 U.S. 908, 98 S.Ct. 3101, 57 L.Ed.2d 1140 (1978). The practice of permitting the jury to separate, in the trial court's discretion, has been accompanied by a requirement that the jury be admonished to avoid listening to or engaging in any outside discussion of the case. *See, e.g., United States v. Kelly*, 722 F.2d 873, 881 (1st Cir.1983), *cert. denied*, 465 U.S. 1070, 104 S.Ct. 1425, 79 L.Ed.2d 749 (1984); *United States v. Williams*, 635 F.2d 744, 746 (8th Cir.1980); *Arciniega*, 574 F.2d at 932; *Brown v. United States*, 99 F.2d 131, 132 (D.C.Cir.) (per curiam), *cert. denied*, 305 U.S. 562, 59 S.Ct. 97, 83 L.Ed. 354 (1938).

This is not a case in which the jury separated for the night without ever having been admonished. *Compare United States v. Williams*, 635 F.2d at 744–45. Appellant attempts to make it such a case by asserting that the trial court's admonition—extending to "either now or later this afternoon or tomorrow, whatever"—applied only "to the immediate separation," Brief for Appellant at 16. The assertion is fanciful; the admonition clearly meant that the jurors should not discuss the case at any point until directed otherwise.

Ideally, of course, the trial court should repeat the admonition each time the jury leaves the custody of the marshals. As this court stated nearly 50 years ago:

[I]n all criminal cases *whenever* jurors are permitted to separate, the court should *invariably* admonish them not to communicate with any person or allow any person to communicate with them on any subject connected with the trial....

*Brown v. United States*, 99 F.2d at 132 (emphasis added), *quoted in Coppedge v. United States*, 272 F.2d at 507; *Carter v. United States*, 252 F.2d 608, 612 (D.C.Cir. 1957).

■ But failure to do so is not automatically reversible. *See United States v. Weatherd*, 699 F.2d 959, 962 (8th Cir.1983) (failure to give admonition before overnight recess during deliberation not reversible error where proper admonition made on 13 other occasions); *United States v. Miles*, 483 F.2d 1372, 1374 n. 2 (8th Cir. 1973) (dismissing as "frivolous" an argument that failure to admonish jury on one occasion before recess was error), *vacated on other grounds*, 415 U.S. 970, 94 S.St. 1553, 39 L.Ed.2d 867 (1974). Here the last jury separation occurred only a day after the admonition, and appellant does not allege that any improper contacts occurred. The admonition is sufficiently striking to neophytes that we may, on these facts, trust the jury to have remembered it. That conclusion seems more in accord with reality than the automatic inference of prejudice that appellant would have us draw. We hold that the admonition given here, while far from ideal, was minimally sufficient for such a short trial.

We appreciate the multitude and complexity of details to which trial courts are

ed) (quoting other cases). Appellant never raised the issue, and there is no record evidence that any prejudicial accounts of the trial appeared or reached the jury. But as the prosecu-

tion here was part of a highly publicized sting operation of "sensational interest," *id.*, the omission of such an instruction could have affected this case.

expected to attend in even the shortest of trials. In the heat of litigation, even the most seasoned trial judge may occasionally, and quite understandably, overlook an important detail. The danger is especially pronounced at the end of a long day when the jury and the litigants are anxious to get away. It is in part for that reason that the defense attorney—on pain of being held to have waived the ground of appeal—is expected to direct the trial court's attention to any omission that might prejudice his client.

The government correctly observes that appellant's attorney repeatedly failed to object below to the omission of which he complains. But as to the most crucial recess in this case—the overnight interruption of jury deliberations—he had no chance to do so. The District Court appears to have dismissed the jury by sending them a message in the jury room, without reconvening in court. *See supra* note 2. We think it far fairer—certainly less risky—to reconvene the jury and lawyers before dismissal for the evening, permitting counsel to hear precisely what is said and to object to any offending nuance. With such a practice, many potential appeals may be either avoided by correction of the omission or readily disposed of on the ground that the objection was waived.

We recognize that this may inconvenience lawyers; the time spent waiting for a jury is diverted from other endeavors, and, if counsel leave, it is often a burden to return to the courthouse for what seems to be a routine matter. But the trial court may plan around these problems. For example, if the closing arguments are completed late in the afternoon, the trial court can obviate the need for attorneys to return and possibly avoid any interruption of the deliberation by recessing and waiting until the next day to submit the case to the jury. Alternatively, the court might reconvene on the record, allowing absent counsel to participate by speakerphone. However, any procedure failing to assure counsel adequate participation in such a routine but potentially troublesome trial event poses an undue risk to the basic interest in fairness.

\* \* \*

The judgment of the District Court is *Affirmed.*