9 F.3d 1545
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Clinton YOUNG, a/k/a Coconut, Defendant-Appellant.
 No. 93-5445.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: October 25, 1993.
Decided: November 15, 1993.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore.
 James K. Bredar, Federal Public Defender, Denise C. Barrett, Assistant Federal Public Defender, Baltimore, Maryland, for Appellant.
 Gary P. Jordan, United States Attorney, Ethan L. Bauman, Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 D.Md.
 AFFIRMED.
 Before ERVIN, Chief Judge, and PHILLIPS and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Clinton Young appeals his conviction of possession of a firearm by a convicted felon in violation of 18 U.S.C.A. § 922(g) (West Supp. 1993). Young argues that the trial court erred in failing to admonish the jury before it allowed the jury to separate overnight during the middle of deliberations. Because we hold that the failure to repeat the admonition before overnight recess during jury deliberations is not reversible error, we affirm.
 
 I.
 
 2
 The trial* began February 16, 1993. After voir dire and preliminary jury instructions, the district court concluded the day by admonishing the jury:
 
 
 3
 It is important that you all not, of course, discuss the case with people outside, so when you get home and you are talking to family or friends it is fine to indicate that you are a juror in a criminal case but you can't discuss the case at all until it is completed and the verdict is rendered.... [I]t is also important that you not do any kind of investigation. I don't know that there would be any temptation for you to do that in this case. You all need to judge the case on the basis of what you have seen or heard here in the courtroom, and not on the basis of anything that you have learned about it outside.
 
 
 4
 The district court then adjourned for the day.
 
 
 5
 The next day the jury heard the entire case, from opening statements through instructions. The jury, also, began deliberations. However, without hearing from the attorneys and without repeating the admonition, the district court allowed the jury to recess for the evening.
 
 
 6
 On February 18, 1993, the jury concluded its deliberations and found Young guilty. Young appeals.
 
 II.
 
 7
 Young argues that the trial court erred in failing to admonish the jury before it allowed the jury to separate overnight during the middle of deliberations. Although the period of jury deliberations is the time of highest risk of improper outside influence, see United States v. Richardson, 817 F.2d 886, 889 (D.C. Cir. 1987), we find no error in this instance.
 
 
 8
 Before the recess on February 16, 1993, the district court admonished the jury not to discuss the case with anyone else. The failure to repeat the admonition before overnight recess during deliberations was not necessarily reversible error. See Richardson, 817 F.2d at 88890; United States v. Weatherd, 699 F.2d 959, 962 (8th Cir. 1983). Adhering to the fundamental principle that jurors are presumed to follow the district court's instructions, see Francis v. Franklin, 471 U.S. 307, 324 n.9 (1985), we find that there was no showing, or even an attempt at a showing, that any juror disobeyed or disregarded these instructions.
 
 
 9
 We agree with the Richardson court that this problem likely would have been prevented if the court had recovered the jury and the attorneys prior to discharge of the jury for the night. 817 F.2d at 890. Moreover, we agree that it would have been preferable for the court to admonish the jury prior to discharge on February 17. Nonetheless, the admonishment given on February 16th "was minimally sufficient for such a short trial." Id. at 889. Accordingly, the district court's failure to repeat the admonition was not reversible error.
 
 
 10
 Because Young's claim of error is meritless, we affirm his conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Because neither party questions the evidence presented at trial, a discussion of the facts is unnecessary