# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 14, 2011

Lyle W. Cayce
Clerk

No. 10-20750
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMES EDDIE BROWN,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-294-1

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

James Eddie Brown pleaded guilty to aiding and abetting possession of counterfeit securities and was sentenced to 120 months of imprisonment and three years of supervised release. He reserved the right to appeal the district court's denial of his motion to suppress the statements he made to law enforcement officials.

We review the district court's conclusions of law de novo and its findings of facts, including credibility determinations, for clear error, viewing the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence in the light most favorable to the Government. *United States v. Montes*, 602 F.3d 381, 384-85 (5th Cir. 2010). The voluntariness of Brown's statements as well as whether he invoked his right to counsel are mixed questions of law and fact that we review de novo. *See Soffar v. Cockrell*, 300 F.3d 588, 592 (5th Cir. 2002).

Brown was adequately warned of the consequences of waiving his *Miranda*[1] rights. *See United States v. Hearn*, 563 F.3d 95, 104 (5th Cir. 2009); *United States v. Sonderup*, 639 F.2d 294, 297-98 (5th Cir. Unit A Mar. 1981); *United States v. Kershner*, 432 F.2d 1066, 1071 (5th Cir. 1970). The district court did not clearly err in crediting the agent's testimony that Brown was not promised anything in exchange for his cooperation and did not invoke his right to counsel during the interview. *See United States v. Garza*, 118 F.3d 278, 283 (5th Cir. 1997). The district court did not err, much less plainly err, in failing to suppress Brown's statements on the basis of a fraternal privilege. *See United States v. Olano*, 507 U.S. 725, 734 (1993).

The judgment of the district court is AFFIRMED. To the extent that Brown's counsel is seeking to withdraw from representing Brown in connection with any petition for a writ of certiorari before the United States Supreme Court, such motion is DENIED as premature. S*ee* Fifth Circuit Plan under the Criminal Justice Act, § 6.

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

2