**UNITED STATES of America,**
**Appellee,**

v.

**George BETTELYOUN, Appellant.**

**No. 74–1295.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 10, 1974.

Decided Oct. 15, 1974.

**1334**

Terry L. Pechota, Rosebud, S. D., for appellant.

Larry Von Wald, Asst. U. S. Atty., Sioux Falls, S. D., for appellee.

Before LAY, ROSS and WEBSTER, Circuit Judges.

LAY, Circuit Judge.

George Bettelyoun, a 19-year-old Indian, was tried before a jury and found guilty of assaulting with a deadly weapon another Indian, in violation of 18 U. S.C. § 1153 and S.D.C.L. § 22–18–11. The primary issue on appeal is whether the district court abused its discretion at the arraignment by refusing to accept the defendant's plea of guilty to a lesser crime of simple assault.[1] We find no error and affirm the judgment of conviction.

The defendant was indicted for assault with a deadly weapon on November 16, 1973. He entered a plea of not guilty. Later, as part of a plea bargain he agreed to enter a plea of guilty to a misdemeanor charge of simple assault. An information was prepared charging him with assault in violation of S.D.C.L. § 22–18–1.

At his arraignment on the reduced charge, the defendant pled guilty. The district court, in compliance with Rule 11, Fed.R.Crim.Proc., noted that a plea bargain had been entered into between the defendant and the government and then proceeded to inquire into the factual basis for the plea. The United States Attorney related the facts surrounding the charge. He told the court that the evidence would show there had been a disturbance at a home on the Pine Ridge Indian Reservation during the early morning hours of October 5, 1973 and that tribal police were called to

---

1. The defendant also alleges error in the trial court's admission of evidence relating to events which occurred when the police sought to apprehend the defendant. Likewise the defendant challenges the admission into evidence of the gun butt allegedly used in the assault. Determining the relevancy of this evidence, under the facts and circumstances presented, was clearly a matter within the discretion of the trial court. The defendant also alleges error in the court's refusal to give an instruction on self-defense. No evidence of self-defense was offered. The defense at trial was based solely on alibi. The claim must be rejected. See United States v. Thompson, 492 F.2d 359, 363 (8th Cir. 1974).

quell it. One of the officers who responded, George Pumpkinseed, was confronted by the defendant and four other individuals, at which time the defendant, George Bettelyoun, allegedly struck him on the forehead with the butt and barrel of a rifle. Following this brief description of the facts, the court asked the defendant if what the United States Attorney had said was substantially correct. After conferring with his counsel the following colloquy occurred:

(Mr. Trimble conferring with the Defendant.)

THE DEFENDANT: Your Honor, the striking of the man, I never struck him.

THE COURT: You say you didn't strike him?

THE DEFENDANT: No, sir.

THE COURT: Let's see—

MR. TRIMBLE (defense counsel): He is not charged with having struck him, Your Honor, only with that of assault.

THE COURT: Assault—

MR. TRIMBLE: In other words—

THE COURT: Striking him or attempting to strike; an attempt to strike would be an assault. Striking would be, of course, a battery.

But, counsel, was there any one else involved in it, did you say? Did you say there were others that you claim were involved in it?

MR. VON WALD (government counsel): Yes, Your Honor.

MR. TRIMBLE, Your Honor, the question I posed to my client just concerns what he is charged with here.

THE COURT: He is only charged with the assault.

MR. TRIMBLE, With the assault. And the question I asked him concerning the assault was in the position he was in that night, could this individual concerning his actions have thought that he was going to strike him and commit a battery on him.

THE COURT: Right.

MR. TRIMBLE, I believe that would be the proper question.

THE COURT: But you were there at that time. And other than the actual striking, which you deny, then were the facts substantially as stated by Government counsel, as near as you can recall?

THE DEFENDANT: Yes, sir.

THE COURT: And you did have the weapon in your hands, or you had something in your hands, at least, a gun—whether it was loaded or not doesn't make any difference in this instance, but you had the weapon in your hand, is that right?

MR. TRIMBLE: Your Honor, there was some controversy on that point whether or not it was a weapon. There was a preliminary hearing on this. The Defendant (sic) identified this individual with having struck him, but he would not identify it as a rifle, as I recall. That's my recollection.

THE COURT: Well, I can't—

MR. VON WALD: Your Honor, I had no idea that this was going to occur. We have been through a preliminary hearing on this.

THE COURT: At this point I am going to deny your—I'm going to refuse to accept your plea of guilty. And this matter and any other matters will be set for trial at the earliest possible moment.

■ We think the question is a close one. It appears that the defendant acknowledged facts constituting simple assault. It is possible to infer from the record that the court refused to accept his plea because he would not admit to actions constituting the greater crime of assault with a deadly weapon. If this was the basis for the court's decision, a serious question concerning abuse of discretion would be present. *Cf.* United

States v. Martinez, 486 F.2d 15 (5th Cir. 1973); Griffin v. United States, 132 U.S.App.D.C. 108, 405 F.2d 1378 (1968). The government has informed us, however, both in its brief and at oral argument, that during the arraignment, defendant and his court-appointed counsel conferred at length and some disagreement or misunderstanding arose between the defendant and his attorney.[2] The defendant does not dispute this fact. Under these circumstances it may be that the trial court doubted the voluntary nature of the plea or that the defendant fully realized its possible consequences. However, the record does not make this clear.[3]

■ We find it unnecessary to attempt to discern the trial court's motive in rejecting the defendant's plea. Upon the rejection of the guilty plea neither the defendant nor his counsel objected to the court's refusal to enter the plea. We think this is a *sine qua non* to later assertion of error. Here neither the defendant nor his counsel made any attempt to urge the court to accept his plea after it was once refused. *Cf.* United States v. Gaskins, 158 U.S.App.D.C. 267, 485 F.2d 1046 (1973).

■ A district court necessarily possesses broad discretion in deciding to accept or reject a guilty plea. That discretion must be exercised within the explicit and exacting procedural requirements of Rule 11. *Cf.* United States v. Cody, 438 F.2d 287 (8th Cir. 1971). The district court must be assured that the defendant's plea is a knowing and understanding act. When it lacks that assurance, the court's discretion to reject that plea and go on with the trial of the case must be recognized. If a defendant feels the court has been overly cautious and that a refusal to accept a plea is misguided or unwarranted, he must make that belief and the reasons supporting it known to the court. Otherwise the situation realistically described in United States v. Bednarski, 445 F.2d 364 (1st Cir. 1971), might arise:

> We could not support a principle under which, if the court refused to accept a plea, the defendant after trial and a conviction and a sentence not to his liking could return and freely litigate the correctness of the court's finding that the requirements of Rule 11 had not been fully met.

*Id.* at 366.

The record here is admittedly uncertain. However, we are in an area where the district court necessarily possesses

---

2. The government brief recites:

Although not reflected on the record, defendant and his counsel conversed frequently after defendant denied striking the police officer. In observing without hearing their conversation, it appeared to government counsel that defense counsel and his client were in disagreement and that the defendant was, in effect, denying any culpable involvement in the assault on the police officer.* (* This impression is reinforced by the alibi type defense advanced at trial and specifically the testimony of the defendant's brother, Alvin Bettelyoun, that the defendant was not at the scene of the assault until the police officer had been beaten and was crawling away on the ground.)

Defense counsel stated, at one point, " . . . The defendant identified this individual with having struck him, but he would not identify it as a rifle, as I recall. That's my recollection." (T.A. 10). The court reporter interpreted that as a misstatement by counsel by his notation (sic) after the word "defendant" (T.A. 10). However, it wasn't clear to what defense counsel was making reference and government counsel expressed surprise stating, "Your Honor, I had no idea this was going to happen. We have been through a preliminary hearing on this." (T.A. 10). On the record, it appears that defense counsel intended to refer to the victim but said "defendant." At the time it was not clear and defense counsel seemed to be raising the question of self defense which could have easily confused and misled the Court. Coupled with defendant's earlier denial of striking the officer, the Court was justifiably hesitant in accepting the defendant's guilty plea.

3. We think it a better practice for the district court in rejecting a guilty plea to set forth his reasons for doing so. This was not done here. The district court can better serve the parties as well as this court in following this procedure.

the greatest discretion because of the need for assurance that a guilty plea proceeding be completely safeguarded to protect the unknowing defendant. Under the circumstances, we find no abuse of discretion in the court's rejection of the plea to the lesser offense.

Judgment affirmed.