UNITED STATES of America, Appellee,

v.

Verne Allen LYON, Appellant.

No. 78–1305.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 12, 1978.

Decided Dec. 4, 1978.

Rehearing and Rehearing En Banc
Denied Jan. 3, 1979.

Frederick R. Buckles, Asst. U. S. Atty., St. Louis, Mo., for appellee; Robert D. Kingsland, U. S. Atty., St. Louis, Mo., on brief.

Before HEANEY and STEPHENSON, Circuit Judges, and VAN SICKLE,* District Judge.

STEPHENSON, Circuit Judge.

This is the second appeal by appellant Verne Allen Lyon from a jury conviction on an indictment charging that Lyon willfully placed a dynamite bomb in the terminal and depot of the St. Louis Municipal Airport with intent to make the terminal unusable

* The Honorable Bruce M. Van Sickle, United States District Judge for the District of North Dakota, sitting by designation.

in violation of 18 U.S.C. § 32.[1] Lyon's initial conviction was reversed by this court because of trial court error in refusing to suppress evidence obtained under a defective search warrant. Lyon's conviction in a separate trial for willfully failing to appear after admission to bail on the bombing charge, in violation of 18 U.S.C. § 3150, was affirmed in the same consolidated appeal. *See United States v. Lyon,* 567 F.2d 777 (8th Cir. 1977), *cert. denied,* 435 U.S. 918, 98 S.Ct. 1476, 55 L.Ed.2d 510 (1978).

In the present appeal Lyon urges the trial court erred in (1) refusing to dismiss for lack of a speedy trial; (2) refusing to recuse itself from presiding at the jury trial on remand; and (3) refusing to grant a judgment of acquittal for the reason that evidence was not sufficient to support the jury conviction. We affirm.

### Speedy Trial

■ Appellant's claim that he was denied a speedy trial in violation of 18 U.S.C. § 3161(e) and the Sixth Amendment must fail because his own actions delayed his retrial. Appellant filed a petition for certiorari in the Supreme Court seeking a review of our decision affirming his conviction on the bail jumping charge. Although appellant did not seek review of our remand for new trial on the airport bombing charge, he requested that the clerk of the court of appeals forward the records in both cases to the clerk of the Supreme Court "because some of the issues which arose [in the airport bombing case] are equally applicable to the issues that will be raised in [his petition for certiorari in the bail jumping case]." The district court records in both cases were certified to the clerk of the Supreme Court as requested. Appellant's petition for certiorari was denied on March 6, 1978. On March 8, 1978, appellant filed a motion in the district court to dismiss the indictment on the bombing charge for lack of a speedy trial because he was not tried within 60 days from the date our mandate originally issued on January 4, 1978. Appellant's motion was overruled and the instant trial commenced April 24, 1978.

The 60-day provision of the Speedy Trial Act is inapplicable to the bombing case for several reasons. The delay in bringing appellant to trial upon remand was a direct result of his efforts to seek review of evidentiary questions in the bail jumping case which originally arose at the bombing trial and were likely to arise on retrial. *United States v. Lyon, supra,* 567 F.2d at 783. It would have been impracticable to retry the instant case while appellate review of these issues was pending. 18 U.S.C. § 3161(h)(1)(C) specifically excludes from computation of the 60-day time limit any period of delay resulting from a trial with respect to other charges against appellant. Under the circumstances the 60-day time limit should be computed from the date on which certiorari was denied by the Supreme Court.

Furthermore, the indictment and all of the motions and orders previously filed in this case were a part of the files certified at appellant's request to the Supreme Court. As a result the district court could have properly extended the time for trying this case up to 180 days from the date the mandate was issued on January 4, 1978. *See* 18 U.S.C. § 3161(e). The trial was conducted well within this time limit.

### Recusal

Appellant, prior to retrial of this case, filed a motion asking the trial court to recuse itself from further participation in this case because (1) the court was aware of inadmissible evidence highly prejudicial to defendant and which could affect the court's rulings during retrial, and (2) prior to sentencing the court examined the presentence report. Appellant cited 28 U.S.C. § 455, Fed.R.Crim.P. 32, *Gregg v. United States,* 394 U.S. 489, 89 S.Ct. 1134, 22 L.Ed.2d 442 (1969), and *United States v. Park,* 521 F.2d 1381 (9th Cir. 1975) (held that trial judge's reading of presentence report prior to announcement of guilty ver-

---

1. The Honorable John K. Regan, Senior United States District Judge for the Eastern District of

Missouri, imposed a sentence of 15 years imprisonment.

dict was per se error) [2] in support of his motion to recuse.

In this appeal appellant reasserts that the dictates of Fed.R.Crim.P. 32 as stated in *Gregg v. United States, supra,* 394 U.S. at 491, 89 S.Ct. at 1136, require "that the 'report shall not be submitted to the court . . . unless the defendant has pleaded guilty or has been found guilty,'" and that violation thereof mandates reversal. It is therefore argued that examination of the presentence report by Judge Regan before sentencing after the first conviction required recusal in the second trial and failure to do so constituted error requiring a new trial. We have not faced this precise issue but we have expressed our views in this general area.

In *United States v. Gallington,* 488 F.2d 637 (8th Cir. 1973), *cert. denied,* 416 U.S. 907, 94 S.Ct. 1613, 40 L.Ed.2d 112 (1974), we refused to adopt a per se rule that a judge who conditionally accepts a guilty plea and later rejects it is disqualified from subsequently trying the case. The district court accepted guilty pleas pursuant to a plea bargain after ascertaining in a hearing that there was a factual basis for the pleas, but conditioned its acceptance on a subsequent examination of the presentence reports. After examining the presentence reports the court rejected the plea bargain, accepted not guilty pleas, and presided at a jury trial where the defendants were found guilty. The defendants in their appeal contended that a judge who rejects a plea bargain, either after reading the presentence report or after interrogating the defendant as to the factual basis for the plea must disqualify himself from further consideration of the case. We disagreed, but did suggest that "After rejecting a plea under these circumstances, a judge may excuse himself from further involvement in the case and should give serious consideration to doing so. [Citations omitted.] But ultimately, absent a showing of actual prej-

udice, the choice lies within the discretion of the trial judge, and we find no abuse of discretion here." *Id.* at 639–40. We see no sound reason for departing from this rule of sound discretion in the case at hand. For an excellent discussion of factors to be considered in determining whether further proceedings should be conducted before a different judge, see *United States v. Robin,* 553 F.2d 8 (2d Cir. 1977).

### Sufficiency of the Evidence

There is no question that on December 17, 1966, a bomb exploded at Lambert Field, the St. Louis Municipal Airport. Appellant's contention is that the evidence was insufficient to establish his guilt. We, of course, on appellate review, must view the evidence in the light most favorable to the verdict of guilt.

At approximately 7:15 p. m. on December 17, 1966, Sergeant Brown of the Airport Police at Lambert Field in St. Louis, Missouri, received a report from a porter concerning a suspected bomb in the terminal. Brown located the bomb in a gray shoebox on a seat in the main terminal. The box contained what appeared to be a clock, or partial clock, and batteries. The airport was cleared in a few minutes and the same box was then inspected by the chief of detectives of St. Louis County. He quickly noted it contained a clock, some wires and some dynamite, and then fortunately stepped away about 15 or 20 feet. The bomb then exploded.

Subsequent investigation indicated that appellant constructed and placed the bomb at Lambert. The evidence introduced at trial establishing appellant's guilt was in brief as follows. During the week prior to the explosion ([1]) appellant requested and received from his landlady a gray cardboard shoebox bearing a Brown Shoe Company label and including the word "Pedwin," and parts of a shoebox resembling a duplicate thereof (identified by the landlady) were

---

**2.** *Compare United States v. Montecalvo,* 545 F.2d 684 (9th Cir. 1976), *cert. denied,* 431 U.S. 918, 97 S.Ct. 2184, 53 L.Ed.2d 229 (1977), where it was held that per se reversible error

rule did not apply where trial judge read presentence report after defendant had entered guilty plea which later aborted during the Rule 11 hearing.

found at the bomb scene; (2) appellant engaged in telephone conversations wherein he discussed the purchase of dynamite; (3) witnesses observed appellant in possession of blue flashlight batteries with red caps, remnants of which were found at the bomb scene; and (4) appellant inquired of two co-workers at McDonnell Douglas Corporation, where appellant was employed as an engineer, if they knew where he might have some wires soldered to two flashlight batteries.

On December 18, 1966, the day after the bombing, appellant remarked to a co-worker friend at her residence, "Did you see what I did at the airport last night?" At the time she took it in jest. At his invitation she accompanied him to the airport where they observed the damage. Appellant was arrested on December 20, 1966, on the bombing charge. The following day appellant's supervisor, in clearing the desk appellant had been using, found a schematic drawing (not work-related) which depicted a device similar in nature to the bomb observed at the airport. The drawing included a diagram of the face of a clock, a cluster resembling dynamite with wires attached to the clock face and extending beyond to a + and − normally associated with batteries.

■ Appellant failed to appear for trial on the date scheduled (October 16, 1967). He was later apprehended in Peru and returned to St. Louis for trial. Appellant's flight after his arrest and prior to trial could be considered by the jury along with the other evidence in determining guilt. *United States v. White*, 488 F.2d 660 (8th Cir. 1973).

No useful purpose would be served by discussing the evidence in greater detail. We are abundantly satisfied after reading the testimony and examining the exhibits that the evidence warranted the jury's finding of appellant's guilt beyond a reasonable doubt.

Affirmed.