UNITED STATES of America, Appellee,

v.

Lorenzo PETTY, Appellant.

No. 79–1179.

United States Court of Appeals,
Eighth Circuit.

Submitted June 19, 1979.

Decided June 25, 1979.

Henry Thomas of Bell, Harris, Kirksey & Thomas, St. Louis, Mo., on brief, for appellant.

Robert D. Kingsland, U. S. Atty., and Michael W. Reap, Asst. U. S. Atty., St. Louis, Mo., on brief, for appellee.

Before LAY, BRIGHT and HENLEY, Circuit Judges.

PER CURIAM.

Lorenzo Petty was charged in five counts with distribution of heroin, and in additional counts with conspiracy to distribute heroin and unlawful possession of a shotgun in violation of 21 U.S.C. §§ 841(a)(1), 846, and 18 U.S.C. App. § 1202(a)(1) respectively. The trial of a codefendant and the firearms charge were severed by the district court and Petty's trial was set for January 29, 1979. After jury selection and one day of testimony, plea bargaining negotiations began on January 31, 1979.

The plea bargaining resulted in an initial offer by the prosecutor that defendant plead guilty to one of the possession charges or the conspiracy charge in return for dropping the remaining charges. The offer was accepted by Petty, but when the agreement was formally presented to the district court the district court called counsel into chambers and rejected it.

The prosecutor made a second offer, that if defendant would plead guilty to the conspiracy charge all remaining counts would be dismissed except for the firearms charge which would be tried separately without a jury. The defendant accepted the offer, the district court approved the agreement, and defendant was tried and found guilty of unlawful possession of a firearm. On February 16, 1979, defendant was sentenced to fifteen years and a ten year special parole on the conspiracy count and two years on the firearms count, the sentences to be served consecutively.

Defendant's single contention on appeal is that the trial court erred in not accepting the first plea agreement. This court recently addressed the same issue in a slightly different context of a claim by a petitioner that a district court could not categorically refuse to consider negotiated plea agreements. This court analyzed the statutory basis and legislative history and held that a district court is under no duty to consider a negotiated plea agreement. *In re: Charles Yielding*, 599 F.2d 251, 253 (8th Cir. 1979).[1] In the instant case, if the district court was under no duty to consider the first plea agreement, the court obvious-

---

1. *Accord, United States v. Stamey*, 569 F.2d 805, 806 (4th Cir. 1978); *United States v. Jackson*, 563 F.2d 1145, 1147–48 (4th Cir. 1977).

ly was under no duty to approve that agreement.

The district court exercised its discretion in rejecting the first plea agreement, as it was free to do under Fed.R.Crim.P. 11(e)(2).[2] On appeal the defendant has failed to show that the district court's actions constituted an abuse of discretion.

The judgment is affirmed.

---

**2.** The district court has broad discretion to accept or reject plea agreements. *See United* *States v. Bettelyoun*, 503 F.2d 1333, 1336 (8th Cir. 1974).