**UNITED STATES of America,**

v.

**Frank W. LeFRERE, Defendant.**

**No. 82–30017.**

United States District Court,
C.D. Illinois,
Springfield Division.

Nov. 17, 1982.

---

Gerald D. Fines, U.S. Atty., Patrick J. Chesley, Asst. U.S. Atty., Springfield, Ill., for plaintiff.

Jon Gray Noll, Springfield, Ill., for defendant.

## ORDER

J. WALDO ACKERMAN, Chief Judge.

### I.

Defendant was charged with four violations of 18 U.S.C. § 871 which prohibits threatening the life of the President of the United States. Pursuant to Fed.R.Crim.P. 11(e)(1)(A), Defendant and the government submitted a negotiated plea of guilty to one count of the four violations. The plea was taken under advisement pending the examination of the presentence report. After examining the presentence report, this Court refused to accept the plea agreement. Defendant's plea of guilty was then set aside and the case is set for jury trial.

### II.

The procedure for a plea agreement is governed by the Fed.R.Crim.P. 11(e). The parties have three different alternatives in seeking a plea agreement: (1) The government can move for dismissal of some charges; (2) the government can make a recommendation or agree not to oppose the defendant's request for a sentence; and, (3) the government may agree that a specific sentence is appropriate for the disposition of the case. If the selected alternative is a recommendation or an agreement not to oppose the defendant's request for a particular sentence, the Court should advise the defendant that the recommendation may not be accepted and he, nevertheless, has no right to withdraw his plea. In type (1) and (2) plea agreements, if the Court rejects the plea agreement, the defendant should be afforded an opportunity to then withdraw his plea. Fed.R.Crim.P. 11(e)(2). A judge may, and should, defer a decision on a plea agreement until after he has the presentence report. Fed.R.Crim.P. 11 advisory committee notes.

■ A district court possesses broad discretion in deciding whether to accept or reject a guilty plea. *United States v. Bettelyoun,* 503 F.2d 1333, 1336 (8th Cir.1974). That discretion is limited only by the procedural requirements of Rule 11. *Id.* Further, a Court's rejection of a plea agreement does not necessitate a recusal by the judge refusing the agreement. *United States v. Petty,* 600 F.2d 713 (8th Cir.1979); *United States v. Jackson,* 563 F.2d 1145, 1145–46 (4th Cir.1977). *See also* Fed.R. Crim.P. 11(e)(1); ABA Standards Relating to Pleas of Guilty § 3.3(a) (approved draft, 1968).

■ The ABA Standards make no provision for a defendant to have a different trial judge if a proposed plea agreement is rejected even though a presentence report concerning the defendant has been examined by the court. The Standards note that a judge is not normally held to be disqualified from presiding at a defendant's trial because information concerning the defendant's guilt has previously come to the

judge's attention. ABA Standards for Criminal Justice, 14–81 n. 10 (1980).

The Federal Rules of Criminal Procedure are not in complete agreement with the ABA Standards. Fed.R.Crim.P. 32(c)(1) provides that the presentence "report shall not be submitted to the court or its contents disclosed to anyone unless the defendant has plead guilty or nolo contendere, or has been found guilty, except that a judge may, with the consent of the defendant, inspect a presentence report at that time." The notes of the Advisory Committee on the Federal Rules of Criminal Procedure state that a judge should be free to recuse himself when he rejects the plea agreement after seeing the presentence report. The Committee would leave the recusal decision to the discretion of the judge. Fed.R. Crim.P. 32 advisory committee notes.

Several courts have concurred with the Committee's judgment that a judge is not automatically disqualified from trying a defendant because he has reviewed a presentence report. *See, e.g., United States v. Sonderup,* 639 F.2d 294, 296 (5th Cir.1981); *Webster v. United States,* 330 F.Supp. 1080, 1087 (E.D.Va.1971). These courts have held that a showing of actual prejudice is required to mandate a finding of reversible error because of a judge's refusal to recuse. *See United States v. Lyon,* 588 F.2d 581, 583 (8th Cir.1978); *United States v. Bourque,* 541 F.2d 290, 296 (1st Cir.1976). Even courts that do not believe a recusal is mandatory have noted that a judge should give serious consideration to recusing from further involvement in a case where he has

seen the presentence report. *Lyon, supra,* 588 F.2d at 583. They have conceded that it is "preferable" to avoid having the same judge try the case.[1] *Webster v. United States,* 330 F.Supp. 1080, 1087.

The Committee's opinion, that recusal is determined in the judge's discretion, is contradicted by the United States Supreme Court's decision in *Gregg v. United States,* 394 U.S. 489, 89 S.Ct. 1134, 22 L.Ed.2d 442 (1969). There the Court stated:

> Rule 32 is explicit. [The] language clearly permits the preparation of a presentence report before guilty plea or conviction but it is equally clear that the report must not, *under any circumstances, be submitted to the court before the defendant pleads guilty or is convicted* . . . .
>
> Moreover, the rule must not be taken lightly. Presentence reports are documents which the rule does not make available to the defendant as a matter of right. There are no formal limitations on their contents, and they may rest on hearsay and contain information bearing no relation whatever to the crime with which the defendant is charged. To permit the *ex parte* introduction of this sort of material to the judge who will pronounce the defendant's guilt or innocence or who will preside over a jury trial would seriously contravene the *rule's purpose of preventing possible prejudice* from premature submission of the presentence report. . . . Although the judge may have that information at his disposal in order to give a defendant a sentence

---

[1]. Apparently, these courts would follow the general statutory provisions concerning the disqualifications of a judge. That provision reads, in part:

(a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

 (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; . . . .

28 U.S.C. § 455. *See also* 28 U.S.C. § 144. The *Sonderup* case held that a 1974 amendment of Fed.R.Crim.P. 32(c)(1) allowed the judge to review a presentence report when he had the permission of the accused. Such permission was given by Sonderup. In *Webster,* the court held Rule 32 had no application because the defendant had not requested a recusal. The *Bourque* Court held that the trial court did not violate Rule 32, and, in the absence of a violation, the defendant must demonstrate actual prejudice to prove reversible error. Arguably, these cases are not consistent with the *Gregg* rationale of avoiding possible prejudice. *Gregg v. United States,* 394 U.S. 489, 492, 89 S.Ct. 1134, 1136, 22 L.Ed.2d 442 (1969).

suited to his particular character and potential for rehabilitation, there is no reason for him to see the [presentence report] until the occasion to sentence arises, and under the rule he must not do so. 394 U.S. at 491–92, 89 S.Ct. at 1136–37 (emphasis supplied).

The Supreme Court has changed Rule 32, in that a defendant may now receive a copy of the presentence report, but this change has not effected the vitality of the *Gregg* opinion. *See, e.g., United States v. Montecalvo,* 533 F.2d 1110, *vacated on other grounds,* 545 F.2d 684, 685 (9th Cir.1976) (where the reading of the presentence report was induced by the defendant's counsel, the Rule 32 error was invited by counsel and was not reversible). The reasoning in *Gregg* remains because the presentence report still may contain information bearing no relation to the crime with which the defendant is charged. Thus, if a judge views the presentence report prior to the trial, the Supreme Court feels that it may prejudice his conduct of the trial. Further, *Gregg* has been interpreted as mandating recusal to avoid the appearance of prejudice when a judge has examined the presentence report. *Montecalvo, supra,* at 1112; *United States v. Small,* 472 F.2d 818, 821 (3d Cir. 1972). *See also Mitchell v. Sirica,* 502 F.2d 375, 381 (D.C.Cir.1974) (MacKinnon, J., dissenting). Articulating this viewpoint, the United States Court of Appeals for the Ninth Circuit stated:

> Rule 32(c)(1) is another example of the means that we use to try to avoid convicting or appearing to convict a defendant for being a bad person instead of convicting him solely for committing the crime with which he has been charged. The appearance of fairness is as important as fairness-in-fact in maintaining confidence in the administration of justice in the minds of the public and of the accused. Under Rule 32(c)(1), it is immaterial whether any judge can and has totally disregarded prejudicial information in a presentence report that he has read before the conclusion of the guilt phase of the trial. The Rule is a preventive device to avoid any appearance of unfairness.

*Montecalvo, supra,* at 1112. Although *Gregg* may not require a per se rule requiring recusal in all instances where a judge has seen the presentence report, some courts have interpreted the case to require per se recusal. *Montecalvo, supra,* at 1112.

This opinion does not intimate that it is reversible error for a judge to try a defendant after he has seen his presentence report. Rather, cautious discretion in view of *Gregg* advises recusal if practicable.

Accordingly, the Court recuses in the trial of Defendant LeFrere.