**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Charles BUNCH, Defendant-Appellant.**

**No. 83–2016.**

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 1, 1984.[*]

Decided March 28, 1984.

Jon Gray Noll, Noll Law Offices, Springfield, Ill., for defendant-appellant.

Patrick J. Chesley, Asst. U.S. Atty., Gerald D. Fines, U.S. Atty., Springfield, Ill., for plaintiff-appellee.

---

[*] On November 17, 1983, defendant-appellant filed a motion to waive oral argument, with the agreement of the United States. *See* Fed.R. App.P. 34(f); Circuit Rule 14(e). Defendant-appellant's motion is granted and the appeal is submitted on the briefs and record.

Before PELL, WOOD and CUDAHY, Circuit Judges.

PELL, Circuit Judge.

On October 19, 1982, defendant-appellant Charles Bunch was indicted for forcibly assaulting a federal employee in violation of 18 U.S.C. § 111 (1976). On March 6, 1983, the district court tentatively accepted defendant's negotiated plea pending the completion of a presentence report. After receiving and reviewing the report, the court rejected the plea agreement. Defendant then filed a motion for recusal, based on the fact that Judge Ackerman had read the presentence report. The court denied the motion and, following a jury trial, defendant was found guilty on May 23, 1983.

## I.

Defendant's principal argument on appeal, which presents a question of first impression in this circuit, is that a trial judge who reads a presentence report following a tentative plea agreement and subsequently rejects the plea agreement should recuse himself or herself from presiding at trial because of the possible prejudice that might result from premature disclosure of the report to the judge.[1] Defendant relies primarily on *Gregg v. United States*, 394 U.S. 489, 89 S.Ct. 1134, 22 L.Ed.2d 442 (1969). In *Gregg*, the Court held that submission of a presentence report to the trial judge before the time specified in Rule 32(c)(1)[2] "constitutes error of the clearest kind." *Id.* at 492, 89 S.Ct. at

1136. The Court emphasized the rule's purpose and its importance in our criminal jurisprudence.

Moreover, the rule must not be taken lightly. Presentence reports are documents which the rule does not make available to the defendant as a matter of right. There are no formal limitations on their contents, and they may rest on hearsay and contain information bearing no relation whatever to the crime with which the defendant is charged. To permit the *ex parte* introduction of this sort of material to the judge who will pronounce the defendant's guilt or innocence or who will preside over a jury trial would seriously contravene the rule's purpose of preventing possible prejudice from premature submission of the presentencing report. No trial judge, therefore, should examine the report while the jury is deliberating since he may be called upon to give further instructions or answer inquiries from the jury, in which event there would be the possibility of prejudice which Rule 32 intended to avoid. Although the judge may have that information at his disposal in order to give a defendant a sentence suited to his particular character and potential for rehabilitation, there is no reason for him to see the document until the occasion to sentence arises, and under the rule he must not do so.

394 U.S. at 492, 89 S.Ct. at 1136–37. The Court, however, affirmed Gregg's conviction because it was not clear from the record that the trial judge violated Rule 32.

1. Defendant does not contend that the district court accepted the plea unqualifiedly and therefore we do not face the issue, raised in two recent cases, of whether a district court which unqualifiedly accepted a plea agreement may subsequently reject it on the basis of information contained in a presentence report. *See United States v. Cruz*, 709 F.2d 111 (1st Cir. 1983); *United States v. Blackwell*, 694 F.2d 1325 (D.C.Cir.1982).

2. Fed.R.Crim.P. 32(c)(1) now provides:

(c) *Presentence Investigation.*
(1) *When Made.* The probation service of the court shall make a presentence investigation and report to the court before the imposition of sentence or the granting of probation unless, with the permission of the court, the

defendant waives a presentence investigation and report, or the court finds that there is in the record information sufficient to enable the meaningful exercise of sentencing discretion, and the court explains this finding on the record.

The report shall not be submitted to the court or its contents disclosed to anyone unless the defendant has pleaded guilty or nolo contendere or has been found guilty, except that a judge may, with the written consent of the defendant, inspect a presentence report at any time.

The rule has been amended since the Supreme Court decided *Gregg*. *Compare* 394 U.S. at 491 n. 2, 89 S.Ct. at 1136 n. 2.

In the case before us, it is clear that the trial judge did not violate Rule 32: the presentence report was not submitted to the court until after defendant pled guilty. While a trial judge should give serious consideration to recusing himself or herself in this situation, *United States v. Gallington*, 488 F.2d 637, 639–40 (8th Cir. 1973), *cert. denied*, 416 U.S. 907, 94 S.Ct. 1613, 40 L.Ed.2d 112 (1974), Rule 32 does not require that a judge do so. We conclude that in the absence of a violation of Rule 32, the decision to grant or deny a recusal motion is subject to limited review by this court and the judgment below may be set aside only for an abuse of discretion or a showing by the defendant of actual prejudice. *United States v. Bourque*, 541 F.2d 290, 296 (1st Cir.1976); *United States v. Gallington*, 488 F.2d at 640.[3]

Defendant here has not demonstrated that he was prejudiced by the district court's review of the presentence report. The case was a simple, one-day criminal trial in which only two witnesses were called, both by the prosecution. The jury, not the judge, was the fact-finder. No objections were made by either side in the jury's presence. The only dispute, and this occurred in the judge's chambers, was over the defendant's proposed instruction on intoxication. The court refused to give this instruction because there was no evidence presented that defendant was intoxicated at the time of the assault. Defendant does not argue on appeal that the court erred in refusing to give this instruction. In short, there is no evidence that Judge Ackerman's review of the presentence report affected the trial at all to the prejudice of the defendant.

In addition, we find no abuse of discretion by the district court, particularly in light of the fact that the nearest judge in this district was located in another city.

While it may be preferable for the same judge to avoid trying the defendant on his not guilty plea, following the rejection of a guilty plea, if another judge is readily available, we must take cognizance of the fact that in some areas of our country the luxury of another judge is unknown.

*Webster v. United States*, 330 F.Supp. 1080, 1087 (E.D.Va.1971). *See also United States v. Bourque*, 541 F.2d at 296.

Our holding is consistent with the history of Rule 32(c)(1). The notes of the advisory committee from the 1974 amendment to Rule 32(c)(1) state that the recusal decision in the situation before us is left to the trial judge's discretion.[4] In addition, judges often learn information about a defendant before trial which does not require automatic disqualification of the judge. For example, evidence concerning a defendant's background may come out during pretrial motions and bond hearings, *see United States v. Sonderup*, 639 F.2d 294, 296–97 (5th Cir.), *cert. denied*, 452 U.S. 920, 101 S.Ct. 3059, 69 L.Ed.2d 426 (1981), or a judge may have knowledge of a defendant's prior criminal record from other cases, *see United States v. Harris*, 542 F.2d at 1304; *Mitchell v. Sirica*, 502 F.2d 375 (D.C.Cir.), *cert. denied*, 418 U.S. 955, 94 S.Ct. 3232, 41 L.Ed.2d 1177 (1974). There is no *per se* recusal requirement in either of these situations.

Accordingly, we hold that the district court did not err in denying defendant's recusal motion.

**3.** *See also United States v. Clark*, 605 F.2d 939 (5th Cir.1979); *United States v. Lyon*, 588 F.2d 581 (8th Cir.1978), *cert. denied*, 441 U.S. 910, 99 S.Ct. 2005, 60 L.Ed.2d 381 (1979); *United States v. Montecalvo*, 545 F.2d 684 (9th Cir.1976) (on rehearing), *cert. denied*, 431 U.S. 918, 97 S.Ct. 2184, 53 L.Ed.2d 229 (1977); *United States v. Small*, 472 F.2d 818 (3d Cir.1972). *Cf. United States v. Johnson*, 658 F.2d 1176, 1178–79 (7th Cir.1981) (district court's examination of material submitted *in camera* did not require recusal); *United States v. Harris*, 542 F.2d 1283, 1304 (7th Cir.1976) (district court's examination, in prior criminal cases and before trial of the case *sub judice*, of presentence reports concerning the defendants did not require reversal).

**4.** "Where the judge rejects the plea agreement after seeing the presentence report, he should be free to recuse himself from later presiding over the trial of the case. This is left to the discretion of the judge." Fed.R.Crim.P. 32, advisory committee note to 1974 amendment.

## II.

■ Defendant claims that the indictment should have been dismissed because it did not allege that defendant knew or had any reason to know that his victim was a federal employee performing his official duties. The statute, however, does not require defendant's knowledge of his victim's employer. "All the statute requires is an intent to assault, not an intent to assault a federal officer." *United States v. Feola,* 420 U.S. 671, 684, 95 S.Ct. 1255, 1264, 43 L.Ed.2d 541 (1975).

## III.

■ Defendant also contends that there was insufficient evidence that he was the person who committed the assault. Our review of the record indicates that there was uncontradicted identification testimony. Consequently, we cannot say that there was not substantial evidence supporting the jury verdict. *See United States v. Jordan,* 722 F.2d 353, 359 (7th Cir.1983).

## IV.

Defendant's remaining contentions are without merit. The judgment of the district court is affirmed.