UNITED STATES, Plaintiff,

v.

Loy COHEN, Defendant.

No. 84–20641.

United States District Court, E.D. Michigan, S.D.

Aug. 22, 1986.

Thomas Ziolkowski, Asst. U.S. Atty., Detroit, Mich., for plaintiff.

Milton Henry, Detroit, Mich., for defendant.

## OPINION AND ORDER

COHN, District Judge.

### I.

This case involves a one count indictment for misprision of a felony in violation of 18 U.S.C. § 4. Defendant was initially charged as part of a twenty-four count indictment naming fourteen defendants for violations of various narcotics offenses.

Defendant pleaded not guilty on July 23, 1985. Defendant's case was severed pretrial on November 12, 1985. On February 7, 1986, defendant entered into a written plea of guilty, Fed.R.Crim.P. 11, to the offense of possession of a small quantity of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 844(b). On February 10, 1986, defendant tendered the plea in open court. I received and reviewed defendant's presentence report by June 5. On June 5, I requested of the Supervising Probation Officer additional information regarding the report's reference to defendant's $350,000 tax obligations.[1] On July 1, the United States Probation Officer filed a response to my request, being a personal financial statement by defendant. On July 3, I rejected the plea without explanation.

Defendant moved on July 23, 1986 to disqualify me for bias or prejudice pursuant to 28 U.S.C. § 144. Defendant argues that I am biased against him personally. He offers the affidavit of his attorney, who says that his long experience as an attorney and previous practice before this Court convinces him that his observations of my "demeanor," "tone of voice," and "countenance" toward defendant show that I hold personal animosity toward him and do not treat him with the same impartiality I have demonstrated toward all other defendants. In particular, defendant argues that my summary rejection of his plea offer is further evidence of my disposition against him. The affidavit indicates that defendant holds himself out to be a "mystic" and, after reading my "spiritual auras," has determined based on his "experience" and "spiritual development" that I am biased and prejudiced against him.

The motion is legally insufficient to require recusal. I further conclude that recusal is not appropriate because of any conceivable appearance of prejudice de-

rived from my knowledge of defendant's tax obligations before I rejected the Rule 11 offer.

## II.

### A.

■ The affidavit, submitted by defendant's attorney rather than defendant himself, is insufficient under the statute. The statute requires "a party" to file the affidavit. This requirement is not met by an affidavit signed by an attorney. *United States ex rel. Wilson v. Coughlin*, 472 F.2d 100 (7th Cir.1973); *Martelli v. City of Sonoma*, 359 F.Supp. 397 (N.D.Cal.1973). Here, the affiant is defendant's attorney and the affidavit is signed only by the attorney.

The affiant does, however, relate facts purportedly "known" to defendant. Even if this affidavit is sufficient in form under the statute, the following discussion shows that it is not legally sufficient to require recusal.

### B.

■ As an initial matter, there is the issue whether I am required to allow another member of this court to rule. The answer is no. The mere filing of an affidavit of personal bias and prejudice does not result in automatic disqualification of the judge against whom it is directed. *Oliver v. Michigan State Board of Education*, 508 F.2d 178 (6th Cir.1974), *cert. denied*, 421 U.S. 963, 95 S.Ct. 1950, 44 L.Ed.2d 449 (1975); *Albert v. United States Dist. Ct. for Western Dist. of Mich. Northern Div.*, 283 F.2d 61 (6th Cir.1960), *cert. denied*, 365 U.S. 828, 81 S.Ct. 713, 5 L.Ed.2d 706 (1961); *see also Williams v. Kent*, 216 F.2d 342 (6th Cir.1954). Pursuant to the statute's requirement that the "affidavit shall state the facts and the reasons for the belief" of

---

1. The presentence report contained defendant's financial statement, which included the following line:

    LIABILITIES AND NET EQUITY
    . . . .
    Federal, State, & City Income Taxes Payable (est.) 350,000.00

This considerable amount of taxes due compelled me to ask the Probation Department for a breakdown as to defendant's tax liabilities. Defendant subsequently furnished a breakdown, the pertinent portion of which is reflected in Exhibit A (attached).

bias or prejudice, I have "a duty to determine whether the statutory requirement has been met." *Id.*, 283 F.2d at 62. I must "pass upon the legal sufficiency of the affidavit." *Id.*

## C.

■ The truth of defendant's allegations is admitted, *Saunders v. Piggly-Wiggly Corp.*, 1 F.2d 582 (D.Tenn.1924), and I must disqualify myself if the statutory standards are met even if I know the allegations to be false, *Tynan v. United States*, 376 F.2d 761 (D.C.Cir.), *cert. denied*, 389 U.S. 845, 88 S.Ct. 95, 19 L.Ed.2d 111 (1967).

Even if the affidavit is legally insufficient, however, I may in my discretion disqualify myself, *Saunders, supra,* and should do so if an examination of my conscience reveals bias or prejudice, or if I have doubts as to my impartiality, or for the sake of appearances, *Smith v. Insurance Co. of North America*, 213 F.Supp. 675 (M.D.Tenn.1962), *aff'd in part, rev'd in part on other grounds sub nom. Trice v. Commercial Union Assurance Co.*, 334 F.2d 673 (6th Cir.1964), *cert. denied*, 380 U.S. 915, 85 S.Ct. 895, 13 L.Ed.2d 801 (1965).

## III.

### A.

■ Defendant first argues that my demeanor and statements to him indicate bias and prejudice. It is true that bias or prejudice on the part of a judge may exhibit itself prior to trial by his statements such that it will furnish a basis for disqualification to conduct the trial. *Knapp v. Kinsey*, 232 F.2d 458 (6th Cir.), *reh'g denied*, 235 F.2d 129, *cert. denied*, 352 U.S. 892, 77 S.Ct. 131, 1 L.Ed.2d 86 (1956). Unless bias or prejudice is pervasive, there must ordinarily be a showing of an extrajudicial source of the prejudice, *United States v. Baker*, 441 F.Supp. 612 (M.D.Tenn.1977). For example, my knowledge of facts contained in a presentence report that was properly brought to my attention is not a basis for disqualification. *United States v. Montecalvo*, 545 F.2d 684 (9th Cir.1976), *vacating* 533 F.2d 1110, *cert. denied*, 431 U.S. 918, 97 S.Ct. 2184, 53 L.Ed.2d 229 (1977); *United States v. Sciuto*, 531 F.2d 842 (7th Cir.1976) (information in probation report requires disqualification only if it causes judge to prejudge an issue of fact).

■ "Intemperate" statements, *Johnson v. Trueblood*, 629 F.2d 287 (3rd Cir.1980), *cert. denied*, 450 U.S. 999, 101 S.Ct. 1704, 68 L.Ed.2d 200 (1981), or evidence that I show "irritation" or emotions in common with other men, *United States v. Valenti*, 120 F.Supp. 80 (D.N.J.1954), or "vehement" statements, or bias claimed to derive from my background, *Knapp, supra,* do not require disqualification. Neither do statements made at plea hearings that do not appear to have arisen from an extrajudicial source. *United States v. Bernstein*, 533 F.2d 775 (2d Cir.) (comments made by judge at time of accepting guilty pleas of coindictees did not reveal prejudice against the remaining indictees), *cert. denied*, 429 U.S. 998, 97 S.Ct. 523, 50 L.Ed.2d 608 (1976).

■ The test is not subjective based on the affiant's observations, but is objective and depends upon whether a reasonable person would conclude I am biased or prejudiced against defendant. *United States v. Story*, 716 F.2d 1088 (6th Cir. 1983); *Baker, supra.* The affidavit must do more than assert bias and prejudice and must give fair and adequate support for the conclusion asserted. *Story, supra; Saunders, supra.* Mere conclusions and opinions are insufficient. *Hodgson v. Liquor Salemen's Union*, 444 F.2d 1344 (2d Cir.1971). Recusal is not required where the nature, time, conditions, and circumstances of the facts supposedly giving rise to bias are not asserted. *Carbana v. Cruz*, 595 F.Supp. 585 (D.P.R.1984), *aff'd*, 767 F.2d 905 (1st Cir.1985). Alleged statements and conclusory generalities about undescribed official gestures and expressions in the case are not properly grounds for disqualification. *United States v. Civella*, 416 F.Supp. 676 (W.D.Mo.1975). Any remarks of the court that are relied upon

must be set forth in the affidavit. *United States v. Hoffa*, 245 F.Supp. 772 (E.D.Tenn. 1965).

■ The affidavit is insufficient to require recusal insofar as it is based upon my statements and expressions. The affidavit is conclusory as to such facts. Nor do the cases suggest recusal is required by defendant's perception, however unsupported, of my attitude in the case. Defendant's purported reading of my "aura" does not lend any greater support to the affidavit, for no reasonable person would objectively conclude from the facts alleged in the affidavit that I am personally biased toward defendant. In good conscience, I find no reason to recuse myself.

### B.

■ The personal bias required by the statute requires antagonism or animosity towards the affiant, and the mere fact that a court rules adversely to a defendant during the course of a case does not establish "personal bias" or prejudice. *Ex parte American Steel Barrel Co.*, 230 U.S. 35, 33 S.Ct. 1007, 57 L.Ed. 1379 (1913); *Southerland v. Irons*, 628 F.2d 978 (6th Cir.1980); *Oliver, supra; Baker, supra.*

■ In particular, my rejection of defendant's plea agreement, by itself, does not necessitate recusal. *United States v. LeFrere*, 553 F.Supp. 133 (C.D.Ill.1982). This is true even though I read defendant's presentence report before rejecting his plea. *E.g., United States v. Bunch*, 730 F.2d 517 (7th Cir.1984); *United States v. Sonderup*, 639 F.2d 294 (5th Cir.), *cert. denied*, 452 U.S. 920, 101 S.Ct. 3059, 69 L.Ed.2d 426, *reh'g denied*, 453 U.S. 928, 102 S.Ct. 892, 69 L.Ed.2d 1024 (1981); *see also* III ABA Standards for Criminal Justice § 14–3.3(b) at 14–81 n. 10 (1986). See discussion, *infra*, at Part IV. Further, Federal Rule of Criminal Procedure 11(e)(4) does not require that I announce my reasons for rejecting a plea offer, and therefore my failure to do so does not show personal bias or prejudice. *Cf. United States v. Pastor*, 419 F.Supp. 1318 (S.D.N.Y.1976) (court's delay in explaining pretrial

decision, where it was not under obligation to file written opinion, could not be considered evidence of extrajudicial bias or prejudice warranting recusal). *But see United States v. Ammidown*, 497 F.2d 615, 622–23 (D.C.Cir.1973) (Fed.R.Crim.P. 48(a) requires court to explain reasons for rejecting dismissal of greater offense as part of plea agreement).

In summary, the facts presented in defendant's motion, when tested against the relevant law, do not require recusal from the trial of defendant pursuant to 28 U.S.C. § 144.

### IV.

### A.

■ I have discretion to either accept or reject a plea agreement. Rule 11(e)(4); Advisory Committee Notes to Rule 32(c)(1), 1974 Amendment; *LeFrere, supra.* I have discretion to refuse even to consider a negotiated plea agreement. *United States v. Petty*, 600 F.2d 713 (8th Cir.1979); *United States v. Jackson*, 563 F.2d 1145 (4th Cir. 1977). *But cf. Ammidown, supra.* Once having rejected the agreement, neither Rule 11 nor Rule 32 requires that I recuse myself from presiding over the trial. Advisory Committee Notes to Rule 32(c)(1), 1974 Amendment; *Bunch, supra; Sonderup, supra; LeFrere, supra.*

In the case *sub judice*, I advised defendant at the time he offered the plea that I would take the matter under consideration. I requested a presentence report, and defendant did not object to my review of the report. *See* Transcript of Feb. 10, 1986 hearing, at pp. 9–10. Part III(A) of the written plea agreement itself explicitly provides for my review of the presentence report before passing upon the plea offer.

I did in fact review the presentence report and, subsequently, I rejected the plea agreement without expressing my reasons. The considerable disparity between the original count for misprision of a felony and the plea of simple possession of marijuana was itself a rational basis for reject-

ing the plea. *Ammidown, supra; see generally* A. Goldstein, *The Passive Judiciary: Prosecutorial Discretion and the Guilty Plea* 33–51 (1981).[2] Although this sort of indulgence in the desire of the prosecutor to dispose of a case should perhaps be avoided, *see id.* at 47–51, I was willing to accept the plea until I learned of defendant's apparent indifference to his obligation to pay taxes. This raises an issue, then, as to whether my viewing of the presentence report requires my recusal from the trial of this case. While there is a hypothetical appearance of prejudice derived from my learning of defendant's heavy tax obligations, I conclude that it is not appropriate to recuse myself.

### B.

### 1.

Formerly, subdivision (c)(1) of Federal Rule of Criminal Procedure 32 precluded the court from viewing a presentence report before accepting a plea of guilty. Advisory Committee Notes to (c)(1), 1974 Amendment. In *Gregg v. United States,* 394 U.S. 489, 89 S.Ct. 1134, 22 L.Ed.2d 442 (1969), the Supreme Court stated in dictum that a judge should recuse himself if he has improperly seen a presentence report before a plea or verdict of guilty. The rationale was based in part on the fact that Rule 32 did not at that time permit the defendant to see the report and thus did not allow for challenges to possible factual inaccuracies that may have influenced the judge.

The Advisory Committee, in commenting on the 1974 amendment to Rule 32, thought it preferable to allow the judge to have all the information possible before accepting or rejecting the plea. The Committee noted that the judge should be free to recuse himself where he rejects the plea after properly seeing the presentence report, although this is left to the court's discretion.

The Advisory Committee Notes to Rule 32 distinguish *Gregg* in that the presentence report is now available to the defendant and his counsel, thereby allowing them to determine whether information included in the report is likely to be prejudicial. The weight of authority thus holds that, where the report is properly obtained, the judge's viewing of the report is not grounds for recusal by itself. *E.g., Bunch, supra* (although noting that court should give serious consideration to recusal); *Sonderup, supra; United States v. Lyon,* 588 F.2d 581 (8th Cir.1978) (although noting that court should give serious consideration to recusal), *cert. denied,* 441 U.S. 910, 99 S.Ct. 2005, 60 L.Ed.2d 381 (1979); *Montecalvo, supra; LeFrere, supra* (although advising recusal "if practicable").

In this case, I properly received the presentence report after defendant's plea offer; defendant waived his right to keep the report from me until after I ruled on his plea both in the February 7 plea agreement and at the February 10 hearing. There has thus been no violation of Rule 32. Defendant and his counsel had an opportunity to review the presentence report and to challenge it. After reviewing the presentence report, defendant's counsel has proclaimed it to be one of the finest presentence reports he has ever seen in his many years of practice. My mere reading of the presentence report does not require recusal under these circumstances.

### 2.

Part of the *Gregg* rationale, however, went beyond the inability of a defendant to challenge inaccuracies in the report. The Supreme Court also noted that information in the report might prejudice the judge's views. In light of the subsequent changes to Rule 32 (permitting defendant's access to the presentence report), courts have continued to adhere to that aspect of *Gregg* requiring recusal, even absent a violation

---

**2.** The United States Attorneys' Manual implicitly recognizes that disparity is a factor weighing against seeking a plea agreement. *See* § 9–27.-420(A)(3) (one factor is "[t]he nature and seriousness of the offense or offenses charged");

§ 9–27.420(A)(9) (one factor is "[t]he public interest in having the case tried rather than disposed of by a guilty plea"); *see also* comment 3 to § 9–27.420.

of Rule 32, where there is a showing of actual prejudice from reading the report before ruling on the Rule 11 offer. *E.g., Bunch, supra; Lyon, supra; United States v. Bourque,* 541 F.2d 290 (1st Cir. 1976).

Here, the presentence report shows that defendant is obligated for federal, state, and local taxes in excess of $350,000. Defendant does not argue, however, that the report contains prejudicial information. Defendant has no prior convictions. As noted above, defendant's attorney claims the report is one of the most favorable he has ever seen. An objective person could not conclude from my knowledge of this information that I rejected the plea solely because of my concerns that defendant is a tax avoider. It was the *combination* of the disparity between the original charge and the offense to which defendant pleaded guilty, together with defendant's obligation for taxes that are due, that prompted my rejection of the plea agreement. Under these circumstances, recusal is not warranted.

### V.

In sum, the considerable disparity between the initial offense charged and the offense to which the prosecutor agreed to a plea of guilty, combined with the acknowledged failure of defendant to meet his obligations to pay taxes, caused me to reject the plea agreement. Nothing in that rejection is cause for recusal. Therefore, defendant's motion to recuse is DENIED.

The better course, however, would have been to give notice and afford the United States Attorney and defendant an opportunity to rebut my reasons for rejecting the plea. *Cf. Ammidown, supra.* Therefore, the deputy clerk is instructed to schedule a hearing at which the parties may address the salient factors to be considered in accepting or rejecting the plea agreement.

SO ORDERED.

EXHIBIT A

LOY A. COHEN        *Accountant*        20131 JAMES COUZENS
DETROIT, MICHIGAN 48235

PHONE: 863–3666

SCHEDULE "I"

LOY A. COHEN
SCHEDULE OF TAXES DUE AND OWING
FROM 1967 THROUGH 1985

| YEAR | FEDERAL | STATE | CITY | CUMULATIVE TOTAL |
|---|---|---|---|---|
| 1967 | $ 213.19 | $ –0– | $ –0– | $ 213.19 |
| 1968 | 1,257.60 | –0– | –0– | 1,470.79 |
| 1969 | 535.24 | –0– | –0– | 2,066.03 |
| 1969 | 872.49 | –0– | –0– | 2,878.52 |
| 1969 | 2,969.26 | –0– | –0– | 5,847.78 |
| 1970 | 891.64 | –0– | –0– | 6,739.42 |
| 1971 | 635.27 | –0– | –0– | 7,374.69 |
| 1972 | 1,233.74 | –0– | –0– | 8,608.43 |
| 1973 | 1,083.10 | 87.16 | –0– | 9,778.69 |
| 1974 | 15,091.74 | 396.63 | 141.67 | 25,408.73 |
| 1975 | 33,778.48 | 2,181.81 | 1,016.54 | 62,385.56 |
| 1976 | 140,459.64 | 6,957.02 | 3,291.00 | 213,093.22 |
| 1977 | 27,230.62 | 1,926.48 | 1,528.26 | 243,778.58 |
| 1978 | 5,345.60 | 512.90 | 404.88 | 250,041.96 |
| 1979 | 3,866.65 | 598.00 | 450.36 | 254,956.97 |
| 1980 | 7,789.87 | 874.00 | 620.88 | 264,241.72 |
| 1981 | 9,545.10 | 921.13 | 821.26 | 275,529.21 |
| 1982 | 9,323.90 | 1,122.00 | 989.28 | 286,964.39 |
| 1983 | 8,485.10 | 1,422.00 | 699.00 | 297,570.49 |

| YEAR | FEDERAL | STATE | CITY | CUMULATIVE TOTAL |
|---|---|---|---|---|
| 1984 | $ 9,780.65 | $ 1,580.00 | $ 837.00 | $ 309,968.14 |
| 1985 | 9,028.88 | 1,381.00 | 412.00 | 320,790.02 |
| Sub total | $ 289,417.76 | $ 19,960.13 | $ 11,212.13 | |
| Add: Interest—State—See Exhibit "L" | | 11,467.22 | | 332,257.24 |
| Add: Penalty—State—See Exhibit "L" | | 4,289.29 | | 336,546.53 |
| | $ 289,417.76 | $ 35,716.64 | $ 11,212.13 | $ 336,546.53 |