**UNITED STATES of America**

v.

**Jonathan COOPER.**

**Cr. No. 86–044 L.**

United States District Court,
D. Rhode Island.

May 19, 1987.

## MEMORANDUM AND SHOW CAUSE ORDER

LAGUEUX, District Judge.

On April 30, 1987, defendants Steven Lynn and Jonathan Cooper, through counsel, filed a motion to disqualify this trial judge from presiding over their joint criminal trial. Defendants sought recusal pursuant to 28 U.S.C. §§ 144 and 455(a). Attorney Norman S. Zalkind, co-counsel for defendant Cooper, submitted an affidavit in support of the motion to disqualify. In his affidavit, Mr. Zalkind, *inter alia,* attributed this Court's denial of defendants' motion to dismiss the indictment or in the alternative to exclude the testimony of Mitchell Fried, a potential government witness, to improper motives harbored by the Court.

■ Although Mr. Zalkind has entered his written appearance in this case, he is not a member of the bar of this Court. However, because Mr. Zalkind is an attorney licensed to practice law in Massachusetts, this Court chose to allow him to appear *pro hac vice,* in association with local counsel. The opportunity to appear *pro hac vice* is not a right but a privilege. *Ross v. Reda,* 510 F.2d 1172, 1173 (6th Cir.), *cert. denied* 423 U.S. 892, 96 S.Ct. 190, 46 L.Ed.2d 124 (1975) (quoting *Thomas v. Cassidy,* 249 F.2d 91, 92 (4th Cir.1957), *cert. denied* 355 U.S. 958, 78 S.Ct. 544, 2 L.Ed.2d 533 (1958)). Having been afforded such a privilege by this Court, Mr. Zalkind must conduct himself in conformity with the Code of Professional Responsibility of the Supreme Court of the State of Rhode Island which, pursuant to this Court's local

rule 4(d), is the standard of conduct for all attorneys practicing before this Court.

On May 4, 1987, following a hearing on the matter, this Court denied defendants' motion to disqualify this judge as the trial judge in their joint criminal trial. At that time, this Court also indicated that Mr. Zalkind's affidavit was insufficient under § 144. It is clear from a reading of that statute that the affidavit which charges a judge with actual bias and prejudice must be made by a party. *U.S. v. Cohen*, 644 F.Supp. 113 (E.D.Mich.1986) and cases cited therein. In addition, the affidavit was false in some particulars, totally irrelevant to any § 144 issues, obviously made in bad faith and a scurrilous, scandalous personal attack on the integrity of this Court. Therefore, Mr. Zalkind's affidavit was a gratuitous attack upon the Court. The Court continued the matter until today in order to consider possible sanctions, including revocation of Mr. Zalkind's *pro hac vice* status.

The purpose of filing an affidavit under § 144 in support of a motion to disqualify a judge is to set forth the *facts* and the reasons for the belief that actual personal bias or prejudice exists against a *party*. However, although Mr. Zalkind avers that the affidavit is made in good faith, the affidavit contains little more than a series of misstatements of fact and unsubstantiated, false and conclusory allegations, made under oath, which constitute a scurrilous, personal attack upon the integrity of this Court. Such statements lend no support to Mr. Zalkind's coup de grace averment that he believes that "this Court has 'personal bias or prejudice' against defendant (Cooper) within the meaning of 28 U.S.C. § 144."

Therefore, it appears to the Court that, by his preparation and submission of this unwarranted and unjustified affidavit, Mr. Zalkind has engaged in *unethical conduct.* Specifically, the Court concludes that Mr. Zalkind *prima facie* has violated the following provisions of the Code of Professional Responsibility of the Supreme Court of the State of Rhode Island which is applicable here:

"DR 1–102. Misconduct.—(A) A lawyer shall not:

\* \* \* \* \* \*

(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

(5) Engage in conduct that is prejudicial to the administration of justice.

(6) Engage in any other conduct that adversely reflects on his fitness to practice law."

\* \* \* \* \* \*

"DR 7–102. Representing a Client within the Bounds of the Law.—(A) In his representation of a client, a lawyer shall not:

\* \* \* \* \* \*

(5) Knowingly make a false statement of law or fact."

\* \* \* \* \* \*

"DR 8–102. Statements Concerning Judges and Other Adjudicatory Officers.

\* \* \* \* \* \*

(B) A lawyer shall not knowingly make false accusations against a judge or other adjudicatory officer."

Further, it is the Court's view that the most appropriate sanction for such violations of ethical standards is revocation of Mr. Zalkind's conditional privilege to practice in this Court in this case.

Accordingly, Attorney Zalkind is hereby ordered to show cause on September 22, 1987 at 10 A.M. why he should not be adjudged in violation of the above-quoted disciplinary rules and why, if found to be in violation of such provisions, his privilege of appearing *pro hac vice* in the instant matter should not be revoked. Since this hearing is made necessary by the conduct of Mr. Zalkind, defendant Cooper's trial counsel, this is all excludable time under the speedy trial act.

*It is so Ordered.*