**George Curtis COLE, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 18479.**

United States Court of Appeals
Ninth Circuit.

Jan. 13, 1964.

Thomas H. Hughes, San Jose, Cal., for appellant.

Cecil F. Poole, U. S. Atty., and Terry J. Hatter, Jr., Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before HAMLEY, Circuit Judge, MADDEN, Judge of the Court of Claims, and HAMLIN, Circuit Judge.

MADDEN, Judge.

This is an appeal from a judgment of the United States District Court for the Northern District of California, Southern Division. The appellant was convicted in that court of bank robbery, a violation of Section 2113(a) of Title 18, United States Code. The appellant, having been found guilty by a jury on November 18, 1962, was, on December 18, sentenced by the court to imprisonment for 15 years with eligibility for parole after three years. The records of the District Court show that appellant's notice of appeal was filed January 11, 1963.

On February 15, 1963, the Government filed an amended notice of motion to dismiss appellant's appeal on the ground that the notice of appeal was not timely filed, under Rule 37 of the Federal Rules of Criminal Procedure. The appellant filed a brief in opposition to the Government's motion. In his brief he stated that he had mailed, by first class mail, his notice of appeal on December 27, 1962. He was at that time incarcerated in the Arizona State Prison. The Government's motion was considered by a panel of this court on March 4, 1963. There was no appearance for either the Government or the appellant. The court entered an order continuing the motion "for hearing and submission until the time the case is heard on the merits," and appointing counsel to represent the appellant in this appeal.

In appellant's brief, submitted before the hearing on the merits on December 5, 1963, there is a statement that the issue of timeliness of the notice of appeal was reserved, by the order of March 4, until hearing on the merits of the case.

In the brief of the Government appears this statement: "The Government respectfully moves to dismiss this appeal on the grounds that Notice of Appeal was not timely filed." This is all that the par-

ties have said about the timeliness of the appeal.

Thus the Government, which made the motion to dismiss for untimeliness, offers no contradiction of appellant's statement that he mailed his notice of appeal in time for it to reach the court on time. If appellant's uncontradicted statement is true, the notice may well have reached the court in time, but by inadvertence it may not have been filed until January 11. In any event, we have no evidence upon which to decide the question of timeliness and we do not decide it.

■ Proceeding to the merits of the appeal, we find no basis for reversing the appellant's conviction. The statute which the appellant was convicted of having violated says:

> "Whoever by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to or in the care, custody, control, management, or possession of, any bank * * *. Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both."

The prosecution's evidence was that the defendant presented to the female teller in the bank a note which said, "Put all your money in front of me," and then said, "Give me $2500"; that the teller observed a white bag over the appellant's left hand, but did not know whether or not he had a weapon; that she gave him $1300 "out of fear" because she did not know whether he had a weapon or not. Appellant says that the teller's testimony about her fear was inadmissible, and that therefore the intimidation required by the statute was not proved. The appellant calls the testimony of the teller as to her fear "self serving." Since the statute makes intimidation an issue in the case, it would be remarkable if the person who experienced the intimidation could not testify about it. Of course an irrational fear might not satisfy the statute, but a bank teller's fear of a stranger who, with one hand covered, demands money is far from irrational.

■ The appellant complains that the court allowed Mr. Walter, another employee of the bank, to testify that the teller who handed over the money was, after her experience, distraught, that her hands were shaking, her complexion was drained of any color, and she was extremely upset. The appellant says that this testimony was hearsay and opinion. Obviously it was not hearsay. The teller was not pale and shaking for the purpose of communicating a message to Mr. Walter. As to opinion, a witness need not be an expert in order to draw a conclusion that a person is distraught who has suddenly grown pale and is shaking.

■ The appellant says that the evidence identifying him as the robber was not sufficient. He complains that the teller, having seen the defendant at her teller's window, identified him by selecting photographs of him, by selecting him from a line-up, and by pointing him out in court. The argument seems to be that having identified him from his photographs, her later identifications in the line-up and in court are suspect. The fact is that the teller did not identify the appellant from his photographs. She said the photographs looked like the robber, but she could not be sure. Only when she saw the appellant in the line-up was she positive in her identification. There was, also, important circumstantial evidence tending to confirm the identification. The appellant was, on the day of the robbery, dressed in the somewhat unusual garb in which the robber was dressed. The appellant, on the day of the robbery, was possessed of a sum of money consistent with the amount taken by the robber from the bank. The appellant, on the day of the robbery, told a falsehood as to how he had been able to acquire an automobile on that day, for which he, in fact, paid $1000 down in cash. There was ample evidence of identification.

The judgment of the District Court is affirmed.