17 F.3d 397
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Antonio MCKINNEY, Defendant-Appellant.
 No. 92-50619.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 8, 1993.
Decided Jan. 28, 1994.
 
 1
 Before: REINHARDT, and T.G. NELSON, Circuit Judges, and KAUFMAN,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Following a jury trial, Antonio McKinney was convicted of conspiracy, 18 U.S.C. Sec. 371; armed robbery, 18 U.S.C. Sec. 2113(a) & (d); and using a firearm during a crime of violence, 18 U.S.C. Sec. 924(c)(1). He was sentenced to 106 months imprisonment. On appeal, McKinney challenges both his conviction and his sentence. In a published opinion filed with this memorandum, we vacate McKinney's sentence and remand for the district court to award him a two-level reduction in his base offense level for acceptance of responsibility. In this memorandum, we reject McKinney's challenges to his conviction. The facts of the case are set forth in the accompanying opinion.
 
 
 4
 McKinney raises three challenges to his conviction: 1) that the admission of evidence of the robbery victims' fear violated F.R.E. 403 and required a reversal; 2) that the district court abused its discretion in excusing a tardy juror; and, 3) that the district court erroneously denied his motion to suppress the money taken during the robbery.
 
 1. Evidence of Victims' Fear
 
 5
 McKinney argues that the district court erred in admitting evidence that the victims of the robbery cried and experienced fear. The evidence at issue is testimony by four individuals who were in the bank at the time of the robbery. The testimony of a representative witness is reproduced in the margin.[1]
 
 
 6
 A district court's determination that admission of evidence does not violate Rule 403 is reviewed for abuse of discretion. United States v. Crespo de Llano, 838 F.2d 1006, 1018 (9th Cir.1987).
 
 
 7
 Rule 403 prohibits courts from admitting evidence the probative value of which is "substantially outweighed by the danger of unfair prejudice." Fed.R.Evid. 403. The district court has wide latitude in making Rule 403 decisions, though the court abuses its discretion when it admits evidence whose probative value is very slight if there is "a modest likelihood of unfair prejudice or a small risk of misleading the jury." United States v. Hitt, 981 F.2d 422, 424 (9th Cir.1992).
 
 
 8
 The testimony at issue was relevant and had more than slight probative value in proving an element of the crime--that McKinney had taken the money from the bank by "force and violence, or by intimidation." 18 U.S.C. Sec. 2113(a). Evidence of the victims' fear is of probative value in establishing the element of intimidation. See e.g. Cole v. United States, 327 F.2d 360, 364 (9th Cir.1964); United States v. Smith, 973 F.2d 603, 604 (8th Cir.1992). Furthermore, the testimony at issue here was at best only mildly prejudicial to McKinney. The district court accordingly did not err in admitting the evidence.
 
 2. Excuse of a Juror
 
 9
 McKinney argues that the Court's decision to excuse a tardy juror before deliberations commenced and replace her with an alternate was an abuse of discretion. On the morning of the fourth day of trial, one of the three African-American jurors failed to arrive at the scheduled time for trial. Soon after, the juror called the Court and stated that she would not be present that day because she was having car trouble. The delay totalled about 20 minutes. Over McKinney's objection, the court excused the juror and seated one of the alternate jurors.
 
 
 10
 A district court's decision to replace a juror with an alternate is reviewed for abuse of discretion. United States v. Gay, 967 F.2d 322, 324 (9th Cir.1992). We have upheld district court decisions to dismiss jurors when the decisions had some demonstrable relation to a legitimate administrative interest of the court, such as "the managerial complexity of the case, the flexibility of the court's and parties' schedules, and the availability of witnesses and other evidence." Id. at 325. While we have some reservation about the necessity for excusing the juror, there was a reasonable case here for avoiding trial delay through the seating of the alternate. The Court had faced previous delay in the case in order to secure the presence of a witness. This witness was in the courtroom when the juror informed the Court of her car trouble. The Court's concern with the effect of further delay on its overall calendar was legitimate, especially in light of a pending three-day weekend. The district court did not abuse its discretion by excusing the juror under these circumstances.
 
 3. Motion to Suppress
 
 11
 McKinney argues that the district court should have suppressed the money taken during the robbery because it was the fruit of an unconstitutional search of his duffel bag. The lawfulness of a search is a mixed question of law and fact that is reviewed de novo. United States v. Feldman, 788 F.2d 544, 550 (9th Cir.1986).
 
 
 12
 We conclude that the search of the duffel bag was within the scope of Frausto's consent to search the apartment. The scope of consent is determined by what a "reasonable person would have understood by the exchange" between the officers and the apartment tenant. Florida v. Jimeno, 111 S.Ct. 1801, 1804 (1991). Here, Frausto gave consent to search the apartment "for any items used or stolen in the robbery." The officers could have reasonably concluded that the attic, which was accessible to and apparently used by occupants of Frausto's apartment, was within the scope of her consent. The officers could also have reasonably concluded that the consent covered the search of anything within the apartment that was not itself locked or bolted, including the bag they found in the attic. Therefore, the warrantless search of the bag was valid and the district court properly denied defendant's motion to suppress.
 
 
 13
 McKinney's conviction is affirmed.
 
 
 
 *
 Honorable Frank A. Kaufman, Senior United States District Judge for the District of Maryland, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Q. What did you feel when the defendant Antonio McKinney ordered you under the desk?
 A. I felt scared.
 Q. What about when you were actually under the desk, what did you feel then?
 A. I felt scared still.
 * * * * *
 Q. Miss Parsons, during or after the robbery, did you see anyone, any of the bank employees or customers, crying?
 A. Yes, I did.
 Q. Who was crying?
 A. Almost everyone except for about three of us.
 Q. And how did you react after the robbery?
 A. I was really shaken up, but I called the police. (Objections and rulings omitted).